(105 So. 10)

No. 26977.

Succession of BOLAN.

(May 25, 1925.  Rehearing Denied June 22, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Taxation** ⬡**906—Court, in exercising its legal discretion, must follow course prescribed by law as to interest on inheritance tax.**

When courts are vested with a discretion as under Act No. 109 of 1906, § 24, relative to interest on inheritance tax, it is a mere legal discretion which is to be exercised in discerning course prescribed by law, and, when that is discerned, court must follow it.

2. **Taxation** ⬡**906—Refusal to impose penalty on heirs of wife, not paying inheritance tax until death of surviving husband, not abuse of discretion.**

Where wife's undivided one-half interest in community property was inherited by her children, but under Civ. Code, art. 916, husband retained possession, and children did not open succession and pay inheritance tax thereon until husband's death, *held* that refusal to subject them to penalty, under Act No. 109 of 1906, § 24, was not abuse of discretion.

Appeal from Civil District Court, Parish of Orleans; Mark M. Boatner, Judge.

Claim by John J. O'Neill, Inheritance Tax Collector for Parish of Orleans, against the succession of Mrs. Margaret Bolan, wife of John T. Gibbons, for penalties for alleged delay in payment of inheritance taxes. From judgment refusing to impose penalties, the Collector appeals. Affirmed.

Harry Gamble, of New Orleans, for appellant.

McCloskey & Benedict, of New Orleans, for appellee.

ROGERS, J.  The inheritance tax collector for the parish of Orleans appeals from a judgment refusing to impose the penalties claimed by him for an alleged delay in the payment of inheritance taxes.

Mrs. Margaret Bolan Gibbons died intestate November 30, 1910.  John T. Gibbons, her husband, died intestate March 21, 1924.  At the time of her death, the estate of Mrs. Gibbons consisted of her undivided one-half interest in the property of the marital community, which was inherited by her six children, issue of her marriage, subject to the usufruct in favor of her surviving husband.

After the death of his wife, Mr. Gibbons appears to have administered the community property in the same manner as he had done prior to her death.  He made no settlement with his children.

Upon the death of Mr. Gibbons, his succession was opened and an inheritance tax paid. The succession of Mrs. Gibbons was opened at the same time, and the inheritance tax due was fixed by the court on a rule taken for that purpose against the inheritance tax collector.

No complaint is made by the inheritance tax collector concerning the amount of the tax as fixed in the judgment, but he avers that the tax was due on or before May 30, 1911, and that the court erred in not imposing a penalty of 2 per cent. per month upon the heirs for their failure to pay it within that time.

The inheritance collector seeks to apply section 24 of Act 109 of 1906, reading as follows:

"The taxes hereby levied shall bear interest at the rate of two per cent. per month, beginning six months after the death of the decedent; saving to any heir, legatee or donee the right to stop the running of interest against him by paying the amount of his tax with accrued interest, or by tendering the same to the tax collector in the manner prescribed by the general law; provided, however, that in cases in which the settlement of the succession is

not unduly delayed, or in which the right of any party to receive an inheritance or legacy is contested, and in all cases in which the failure to pay tax on any legacy or inheritance within the period aforesaid is not imputable to the laches of the heir or legatee, the court may, in its discretion, remit such interest."

He contends that nothing was offered to show that the settlement of the succession was "unduly delayed," or that the "right of any party to receive an inheritance or legacy" was "contested," or that the failure to pay was "not imputable to laches of the heir or legatee." He argues that it was the intention of the lawmaker, in conferring discretionary power upon the court, to remit the penalty to provide for only such cases in which there were obstacles to the settlement of the tax in due time, and not to afford an opportunity for the exercise of his good nature by the judge.

[1] We agree with the proposition that, when the courts are vested with a discretion, it is a mere legal discretion which is to be exercised in discerning the course prescribed by law; and, when that is discerned, it is the duty of the court to follow it. But we do not find that the judge a quo has abused his discretion in the case before us.

[2] The heirs of Mrs. Gibbons were not guilty of laches in failing to pay an inheritance tax on the property devolving upon them on the death of their mother.

Their inheritance consisted wholly of a fragment of a dismembered title—the naked ownership of an undivided one-half interest in the property of the marital community. It was a mere empty right of ownership. Under the express provisions of the law, the surviving husband was maintained in the possession and usufruct of the estate previously held in common with his deceased spouse. Civ. Code, art. 916; Succession of Marsal, 118 La. 212, 42 So. 778. His children could not deprive him of those rights, and they were powerless to perform any act of ownership that would interfere with his use and enjoyment of the property. They could not even force a partition by licitation. Succession of Glancey, 112 La. 430, 36 So. 483.

In these circumstances we think it would be highly inequitable and against all reason to hold the heirs for the penalties because they paid the inheritance tax when the marital community was liquidated and they became the full owners of the property, instead of discharging the tax when the fragmentary interest in the property, over which they had no control, devolved upon them by the operation of law.

The Succession of Popp, 146 La. 464, 83 So. 765, 26 A. L. R. 1446, cited by counsel for appellant, did not present the same issue as is involved in the instant case. In that case, Mr. Popp inherited the whole property left by his first wife. His title was perfect and not fragmentary, and on his death he left this property, together with other property, to his second wife, who was his universal legatee. Having complete dominion over the property which he inherited, it was manifestly his duty, as this court found, to open his wife's succession without undue delay, and in due course pay the inheritance tax. In the present case, as soon as the heirs acquired possession and dominion over the property inherited from their mother, they opened her succession and paid the tax.

For the reasons assigned, the judgment appealed from is affirmed.