SUCCESSION OF GOLDEN

(April 21, 1928. Opinion and Decree.)

(*Syllabus by the Court*)

1. Louisiana   Digest—Taxation—Par.   —; Interest—Par. 31.

In cases in which the settlement of a succession has been "bona fide contested" the interest on the inheritance tax imposed by Section 24 of Act 127 of 1921 shall be remitted.

Appeal from Civil District Court. Div. "B." Hon. Mark M. Boatner, Judge.

Succession of Mary E. Golden. Opposition of William W. Kilpatrick et al.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Frymire and Ramos, of New Orleans, attorneys for plaintiff, appellant.

Rene A. Viosca, of New Orleans, attorney for defendant, appellee.

OPINION

CLAIBORNE, J. This case involves the claim of the Inheritance Tax Collector for interest for failure to pay the within tax the period fixed by law.

Mary E. Golden died on May 21, 1924, at the age of 67; she was never married and her parents died before her, her succes-

sion was opened on May 22, 1924.

On May 27, 1924, J. P. H. Ruddy, of Pennsylvania, father of the two minors John K. and James W. Ruddy, distant relatives of the deceased, prayed for and obtained an order for search of a will at the late·residence of the deceased. No will being found, he prayed to be appointed administrator of the succession.

On August 11, 1924, William W. Kilpatrick, also of Pennsylvania, filed a petition in which he alleged that himself and his four brothers and sisters were first cousins of the deceased; he opposed the application of P. H. Ruddy for appointment as administrator and prayed that he himself be appointed.

By judgment rendered August 19, 1924, William W. Kilpatrick was appointed administrator.

By order rendered August 21, 1924, the inventory of the succession taken June 2, 1924, and filed August 21, 1924, was homologated. It amounted to $93,102.99.

On August 21, 1924, letters of administrator were issued to W. W. Kilpatrick.

On September 22, 1924, the Administrator filed a provisional account, in which he stated the assets in New Orleans amounted to $93,102.99 and the ordinary debts to $101.50 and the privileged debts to $15,302.25, composed of a balance due on the prices of certain lots, the premium on the administrator's bond, the commission of the administrator, the fees of the Notary and appraisers and attorneys of the succession, and the funeral undertaker. This account was homologated on October 6, 1924.

On the same day, September 22, 1924, the administrator obtained an order for an inventory in the Parish of Jefferson.

The inventory was taken on October 16th and filed on October 28th, showing assets valued at $5,000.

On October 6, 1924, the administrator obtained an order for a private sale of 200 shares of the New Orleans Land Co., appraised $6400, and 50 shares of the National Power and Light Co., appraised $4500, "in order to pay the debts of the deceased as shown on the provisional account filed herein" on September 22, 1924.

On February 26, 1925, nine months after the death of Mary Golden and after the opening of her succession, the administrator filed a rule against the Clerk of Court to fix the amount of the inheritance tax at $3745.60.

The attorney for the Clerk agreed that the amount of the tax was correct, but claimed "the further sum of one hundred twelve and 36-100 dollars as penalties or interest.

By judgment rendered April 28, 1925, the Court made the rule absolute for the amount admitted by the administrator but rejected the demand for interest.

From this judgment the Clerk appealed.

Percy S. Benedict, attorney, representing three of the nearest five heirs of the deceased testified as follows:

"Mr. Mabry represented the heirs of a party by the name of Matthes Fitzpatrick, who, he claimed, was a deceased brother of the other parties whom we represent, and inasmuch as Matthew Fitzpatrick had died since the death of Mrs. Golden he came in equally with the other heirs; that his contention was made before the rule for the inheritance tax was taken, if I recall correctly, and it was only after the rule pending that Mr. Mabry finally abandoned his attack upon the parties we represent. Yes, and I presume until we found out who the heirs were, that

it was impossible to fix the amount of the inheritance tax."

The recognized heirs of the deceased were all her cousins.

Section 24 of Act 127 of 1921, p. 331, reads as follows:

"The taxes hereby levied shall bear interest at the rate of one per cent per month, and two per cent per month, beginning twelve months after the death of the decedent; saving to any heir, legatee, or donee the right to stop the running of interest against him by paying the amount of his tax with accrued interest, estimated or ascertained, or by tendering the same to the tax collector in the manner prescribed by the general law; provided, however, that in cases in which the settlement of the succession is bona fide contested such interest shall be remitted; so also when it shall be shown to the satisfaction of the tax collector that the beneficiary was ignorant of the inheritance."

The case has been submitted to us without argument.

We find with the trial Judge that the settlement of the succession was "bona fide contested" and that the interest should be remitted. Succn. Bolan, 158 La. 811, 105 So. 10.