HARWELL L. ALLEN, Judge ad hoc.
Pascal Rodosta, Sr., died on July 23, 1958, and his succession was opened in Orleans Parish on August 1, 1958. Inventories were made and his daughter, Mrs. Frances Ro-dosta De Felice, was appointed testamentary executrix. On December 24, 1958, and again on May 1, 1959, the executrix petitioned for authority to sell certain assets of the estate at private sale, which authority was granted. Nothing further was done in the administration of this estate until March 6, 1961, when the Inheritance Tax Collector for the Parish of Orleans filed a rule *430 to show cause why the inheritance taxes should not be fixed. The court fixed the inheritance tax at the sum of $1,995.00 and ordered that interest thereon be waived for good cause. From this ruling, the inheritance tax collector has appealed alleging that the court was in error in remitting accrued interest on the tax.
The executrix contends that under LSA-R.S. 47:2420 the Court has the right to remit interest in its discretion and further cites a custom in Orleans Parish not to exact the payment of interest on past due inheritance taxes.
Upon trial of the rule, the attorney representing the executrix made the following statement to the court:
“I think I stated to the Court that I would have to be a witness as to why I didn’t pay it — because of the condition of the will and that we were trying to satisfy debts and one of the heirs had died and we have not been able to put him in possession and we have not, — as I told you, you usually pay the inheritance tax when you put them in possession — and we have to qualify Peter Rodosta’s wife and he has three minor children and he has a business that he has a one-eighth interest in and that is the reason why we had not settled the estate.”
LSA-R.S. 47:2420 reads as follows:
“Taxes hereby levied shall bear interest at the rate of one per centum (1%) per month, beginning six months after the death of the decedent, and two per centum (2%) per month beginning twelve months after the death of decedent; saving to any heir legatee, or donee the right to stop the running of interest against him by paying the amount of his tax with accrued interest, estimated or ascertained, or by tendering the same to the tax collector in the manner prescribed by the general law. Provided, that in cases which the settlement of the succession is bona fide contested or when it is shown to the satisfaction of the tax collector that the beneficiary was ignorant of the inheritance, the interest shall be remitted.
“Provided further that in all cases in which reasonable cause therefor is established to the satisfaction of the district judge having jurisdiction of the succession, an extension of time may be granted upon application of the executor, administrator, heir or universal' legatee of such decedent within which inheritance taxes hereunder may be fixed and paid, without interest or penalty; provided further that in all cases in which it shall be shown that it is required that the succession of the decedent file a federal estate tax return, such fact shall ipso facto be deemed a reasonable cause for an extension not to exceed fifteen months after the date of death of the decedent within which to fix and pay any Louisiana inheritance tax.”
The statement made by the attorney for the executrix cites as reasons why the tax had not been paid, the condition of the will, that they were trying to satisfy the debts and one of the heirs had died. He also alleged that it had been the custom for the attorney representing the Inheritance Tax Collector for Orleans Parish to waive the payment of interest. None of these reasons, however, comply with LSA-R.S. 47 :- 2420. He has not shown that an application was submitted to and granted by the district judge extending the time for payment of inheritance taxes without penalty or interest and he does not contend that the settlement of the succession has been bona fide contested or that any beneficiary was ignorant of the inheritance due him.
The rule for the interpretation of statutes to prevent fraud upon the revenue laws is explained in 23 American Jurisprudence, Section 5, page 601, as follows:
“It has been pointed out, however, that statutes to prevent fraud upon the *431 revenue laws are considered as enacted for the public good and to suppress a public wrong and, therefore, although they impose forfeitures, are not to be construed like penal laws generally, strictly in favor of the defendant, but are to be construed fairly and reasonably, so as to carry out the intention of the legislature.”
This statement was cited with approval in State v. Cook et al., 203 La. 95, 13 So.2d 478.
Appellee cites as authority for his position the Succession of Bolan, 158 La. 911, 105 So. 10. In this case the Supreme Court construed Section 24 of Act 109 of 1906. This act levied interest on past due inheritance taxes but specifically authorized the court, in its discretion, to remit interest “in cases in which the settlement of the succession is not unduly delayed, or in which the right of any party to receive an inheritance or legacy is contested, and in all cases in which the failure to pay tax on any legacy or inheritance within the period aforesaid is not imputable to the laches of the heir or legatee”.
In the Bolán case, the wife died in 1910 and the husband died in 1924. After the death of the wife, the husband continued to administer the community and made no settlement with his children. After the husband died, the heirs opened both successions and paid the inheritance tax due but the court remitted the interest. The inheritance tax collector contended that the court did not have the authority to waive interest but the Supreme Court held that the heirs were not guilty of laches in failing to pay the inheritance tax on the property inherited by them on the death of their mother because they had only an empty right of ownership of a part of the estate which was subject to their father’s usu-fruct and that upon receiving the entire estate they had promptly paid their tax.
In the present case, LSA-R.S. 47 :- 2420 authorizes the district judge to grant an extension of time in all cases in which reasonable cause therefor is established to his satisfaction and provides that interest may be remitted only when the settlement is bona fide contested or a beneficiary was ignorant of the inheritance. LSA-R.S. 47 :- 2420 has materially changed the conditions under which interest on inheritance taxes may be remitted and the Succession of Bo-lán does not apply to the facts presented in this case.
If the executrix had applied to the judge for an extension of time within which to pay the tax and had established a reasonable cause therefor, the district judge could have extended the time for the payment of the tax without penalty or interest. To grant an extension, however, before the due date is not the same as to remit interest which has already accrued. The statute provides that accrued interest can only be remitted when either the settlement of the succession is bona fide contested or when it is shown to the satisfaction of the tax collector that the beneficiary was ignorant of the inheritance. The reasons assigned by the executrix for not paying the tax does not satisfy either of these conditions and the Court cannot read into the law provisions or an interpretation obviously not intended by the legislature.
 The alleged custom of not requiring the payment of interest on past due inheritance taxes cannot help the executrix. It is well settled that custom cannot prevail against the express provisions of the law. Clement v. South Atlantic S. S. Line, 128 La. 399, 54 So. 920; Villegas et al. v. Latter, 223 La. 569, 66 So.2d 339.
For the reasons assigned, the judgment is amended to provide for the payment of interest on the inheritance tax as fixed at the rate of one per cent per month beginning six months after the date of death of the decedent and two per cent per month beginning twelve months after the date of death of the decedent, and, as thus amended, is affirmed.
Amended, and as amended, affirmed.