13 So.2d 478

STATE v. COOK et al.
No. 36735.

April 12, 1943.

Warren Hunt, of Rayville, for applicant.

Eugene Stanley, Atty. Gen., John B. Smullin, Sp. Asst. Atty. Gen., and A. Leon Hebert, Jr., of Baton Rouge, Atty. for Collector of Revenue, for respondents.

PONDER, Justice.

In these summary proceedings, the trial court gave the plaintiff, the Collector of Revenue, judgment against the defendants, R. T. Cook et al., decreeing the forfeiture of a certain V-8 truck and trailer to the State of Louisiana, ordering the truck and trailer sold and ordering the proceeds realized therefrom to be paid to the plaintiff with preference and priority over all persons whomsoever. The judgment is predicated on the ground that the truck and trailer were used in transporting and delivering gasoline to a retail dealer in the Parish of Bienville between the hours of nine o'clock p. m. and five o'clock a. m. in violation of Act 6 of the Extraordinary Session of 1928, as amended, and Act 87 of 1936. On appeal to the Court of Appeal for the Second Circuit, the judgment was affirmed. On application to this Court, the defendants were granted the writ of review. The matter is now submitted for our determination.

The defendants are attacking the judgment on two grounds; namely, (1) that the plea to the jurisdiction of the trial court was erroneously overruled, and (2) that the application of the forfeiture statutes to the case at bar is unjust.

For the purpose of this decision, it is not necessary to recite any of the pleadings filed in the lower court or any issues raised therein not urged on this review.

The defendants are domiciled in Richland Parish. However, the violation of the statutes occurred in Bienville Parish.

The defendants are under the impression that the trial court, the District Court for the Parish of Bienville, was without jurisdiction to entertain these proceedings. They contend that under the provisions of Article 162 of the Code of Practice, they must be sued before their own judge, that is to say, before the judge having jurisdiction over the place where they have their domiciles or residences.

The action was instituted pursuant to the authority granted in Act 6 of the Extraordinary Session of 1928, as amended, and Act 87 of 1936, being motor fuel tax laws.

The first named statute provides in Section 7-E as follows:

"It shall be unlawful for any distributor or any retail dealer to receive or transport by automobile or truck and have delivered into the storage tanks or equipment of the said distributor or retail dealer any gasoline or other motor fuel between the hours of 9:00 o'clock P. M. and 5:00 o'clock A. M., and the receipt of any gasoline or other motor fuel by automobile or truck by the said distributor or retail dealer during the said hours shall be a violation of the provisions of this Act by said distributor, retail dealer and the person, firm or corporation owning and having so delivered said gasoline or other

motor fuel, and their agents, servants or employees engaged in making said unlawful delivery, and the automobile or truck so delivering any gasoline or other motor fuel during the said hours, shall be subject to seizure by the Supervisor and forfeiture and sale in the manner provided for in this Act." (As added by Act 16 of 1932 and amended by Act 34 of 1934).

It is also provided in Section 7(f) of Act 87 of 1936 as follows:

"It shall be unlawful for any distributor or any retail dealer to receive or transport by automobile or truck and have delivered into the storage tanks or equipment of the said distributor or retail dealer any gasoline or other motor fuel between the hours of 9:00 o'clock p. m. and 5:00 o'clock a. m., and the receipt of any gasoline or other motor fuel by automobile or truck by the said distributor or retail dealer during the said hours shall be a violation of the provisions of this Act by said distributor, retail dealer and the person, firm or corporation owning and having so delivered said gasoline or other motor fuel, and their agents, servants or employees engaged in making said unlawful delivery, and the automobile or truck so delivering any gasoline or other motor fuel during the said hours, shall be subject to seizure by the Supervisor and forfeiture and sale in the manner provided for in this Act."

The trial court was vested with jurisdiction for the reason that this is an action in rem brought at the place where the statutes were violated and the truck and trailer were seized. The gasoline was delivered to the retail dealer in the Parish of Bienville between the hours of 9 o'clock p. m. and 5 o'clock a. m. The action is quasi-criminal in its nature because it seeks to invoke a penalty or punishment for the violation of law. Moreover, the proceedings are directed primarily against the thing—an action in rem.

Forfeitures are defined in 23 American Jurisprudence, Section 2, Page 599, as follows:

"In a strict signification, a forfeiture is a divestiture of property without compensation, in consequence of a default or an offense, and the term is used in such a sense in this article. A forfeiture, as thus defined, is imposed by way of punishment, not by the mere convention of the parties, but by the lawmaking power, to insure a prescribed course of conduct. It is a method deemed necessary by the legislature to restrain the commission of an offense and to aid in the prevention of such an offense. The effect of such a forfeiture is to transfer the title to the specific thing from the owner to the sovereign power."

The construction of forfeiture statutes is explained in 23 American Jurisprudence, Section 5, Page 601, as follows:

"Statutes imposing forfeitures by way of punishment are subject to the general rules governing the interpretation and construction of penal statutes. Hence, statutes authorizing the forfeiting of property ordinarily used for a legal purpose are to be strictly construed, since they are very drastic in their operation. It has been pointed out, however, that statutes to prevent fraud upon the revenue laws are considered as

enacted for the public good and to suppress a public wrong and, therefore, although they impose forfeitures, are not to be construed, like penal laws generally, strictly in favor of the defendant, but are to be construed fairly and reasonably, so as to carry out the intention of the legislature. * * * Some of the statutes provide for forfeiture of vehicles used in the illegal transportation of contraband. In order to enforce a forfeiture under such statutes, it is necessary to establish the time of such illegal use of the vehicle, for it cannot be condemned either because there is merely a future purpose so to use it or because of such illegal use in the past. If, however, the offender is apprehended in the actual commission of the crime, as in loading, unloading, or moving, and if his crime is demonstrated by the finding of the contraband articles in the vehicle at that time, the forfeiture may be enforced."

The nature and effect of forfeitures are discussed in 23 American Jurisprudence, Section 6, Page 602, as follows:

"Generally; Proceedings in Rem.—Forfeitures, in many cases of felony, did not attach at the early English common law where the proceeding was in rem until the offender was convicted, because the Crown had no right to the goods and chattels of the felon without producing the record of his conviction. Forfeitures under the American law have never proceeded on such a theory. Our statutes providing for forfeiture have been, since the earliest days of our history as a nation acting under the Constitution and congressional laws, proceedings in rem, the policy of which is confiscation and forfeiture to the government directed against property itself. The ancient doctrine requiring conviction of a personal offender does not apply to seizures and forfeitures created by statutes in rem, for the reason that the thing in such a case is primarily considered as the offender, or rather that the offense is attached primarily to the thing, whether the offense is malum prohibitum or malum in se."

The general rule set out in Article 162 of the Code of Practice to the effect that in civil matters one must be sued in a court having jurisdiction over his domicile or residence would not be applicable.

It appears that the general rule of strict construction of forfeiture statutes is not applicable in the interpretation of forfeitures contained in revenue laws. The rule seems to be well established that forfeitures imposed in revenue laws are to be construed fairly and reasonably.

The defendants contend that the forfeiture demanded by the plaintiff in this case is severe and unjust, particularly, in view of the existing circumstances and the small amount of the tax involved. It is suggested that the defendants were under the impression that as much as two hundred gallons of gasoline could be transported and delivered between the hours of 9 o'clock p. m. and 5 o'clock a. m. They argue that in isolated cases like this involving so small an amount of gasoline and where there was no intentional violation of a regulatory provision of the law, it is not within the spirit of the law to provide such a harsh remedy.

The statutes imply an absolute infliction, regardless of the nature and extent by which it is superinduced. While the forfeiture under the circumstances in this case might appear severe and unjust, yet it is strictly within the letter of the statutes. This Court would not be warranted in departing from the clear and unequivocal language of the statutes by reading into them provisions not incorporated therein by the Legislature. The statutes provide for the forfeiture of any automobile or truck used in the transportation and delivery of gasoline between the hours of nine o'clock p. m. and five o'clock a. m. The undisputed evidence in this case shows that the statutes were violated in this respect.

For the reasons assigned, the judgment is affirmed at appellants' cost.

ODOM, J., absent.

HAMITER, J., recused.

HIGGINS, J., concurs in the decree.