BOND, Justice.
 

 Adam Trahan, the owner and operator of a restaurant in Lafayette Parish, and Arista Jackson, his employee, were charged with having violated Act No. 18 of 1886 (The Sunday Law), by opening the establishment on Sunday and selling a glass of wine to a customer. The trial court overruled a motion by defendants to quash the indictment on the ground that Act No. 18 of 1886 was violative of Article 3, Section 16, and Article 1, Section 2, of the State Constitution, and violative of the Fourteenth Amendment of the Federal Constitution. During the trial, it was proved that a sandwich had been sold to the customer with the glass of wine. After hearing all the evidence, the trial court found the dc 'ants guilty and sentenced Adam Trahan to imprisonment in the parish jail and fined Arista Jackson. We granted a writ of certiorari on the application of the defendants and the case is now before us for review.
 

 The pertinent provisions of Act No. 18 of 1886 read:
 

 “ * * * all stores, shops, saloons, and all places of public business, which are or may be licensed under the law of the State of Louisiana, or under any parochial or municipal law or ordinance, and all plantation stores, are hereby required to be closed at twelve o’clock on Saturday nights, and to remain closed continuously for twenty-foyr (24) hours, during which period of time it shall not be lawful for the proprietors thereof to give, trade, barter, exchange or sell any of the stock or any article of merchandise kept in any ■ such establishment.
 

 * * * ***
 

 . “the provisions of this act shall not apply to newspaper offices, printing offices,
 
 *105
 
 bookstores, drug stores, apothecary shops, undertaker shops, public and private markets, bakeries, dairies, livery stables, railroads, whether steam or horse,
 
 hotels, boarding houses,
 
 steamboats and other vessels, warehouses- for receiving and forwarding freights,
 
 restatiiurants,
 
 telegraph offices and theatres, or any place of amusement,
 
 providing no intoxicating liquors are sold in the premises;
 
 * * * provided, that nothing in this act shall be construed so as to allow
 
 hotels
 
 or
 
 boarding houses
 
 to sell or dispose of alcoholic liquors,
 
 except wine for table use on Sundays',
 
 * * (Italics ours.)
 

 The defendants attack the constitutionality of Act No. 18 of 1886 on several grounds. One of the grounds of attack is that the act is discriminatory, arbitrary, and an unreasonable exercise of police power, because it permits hotels and boarding houses to sell wine for table use on Sunday while it denies that privilege to the operators of restaurants.
 

 It is a well-established principle of constitutional law that the Legislature may determine what are the proper occasions and subjects for the exercise of police power, and it is not within the province •of the courts to decide as to the expediency of a measure enacted thereunder. City of DeRidder v. Mangano, 186 La. 129, 171 So. 826; Board of Barber Examiners of La. v. Parker, 190 La. 214, 182 So. 485. The. -courts will .interfere only when .-the restrictions 'imposed have no' real or substantial relation to the public interest in the matter regulated. State v. Legendre, 138 La. 154, 70 So. 70, L.R.A.1916B, 1270; City of Alexandria v. Hall, 171 La. 595, 131 So. 722; State v. Chisesi, 187 La. 675, 175 So. 453.
 

 Both the establishment of a compulsory day of rest and the regulation of the sale of intoxicating liquors have been held to come within the scope of the police power of the state because they relate to the public health, morals, or order. State ex rel. Walker v. Judge, Sec. A, Crim.Dist.Ct., Orleans Parish, 39 La.Ann. 132, 1 So. 437; State ex rel. Galle v. City of New Orleans, 113 La. 371, 36 So. 999, 67 L.R.A. 70, 2 Ann.Cas. 92. It has also been held that under the police power the sale of liquor may be prohibited on Sunday for the preservation of public order. State v. Bott, 31 La.Ann. 663, 33 Am.Rep. 224; Minden v. Silverstein and Dittmer, 36 La. Ann. 912.
 

 Therefore, the sole question under this phase of the attack on Act No. 18 of 1886 is whether the prohibition against selling wine for table use in a restaurant on Sunday bears a real and substantial relation to the purpose of protecting the health, morals, and good .order of the . public.
 

 In State ex rel. Walker v. Judge, supra, Act No. 18 of 1886 was held to be constitutional, but in that case the court did not consider the question presented here. In fact, the instant case is. the first in which 'the unreasonableness" of the' pro
 
 *107
 
 hibition against serving wine for table use in a restaurant on Sunday has been brought before this court.
 

 It is obvious from the restriction of the privilege of selling wine for table use on Sunday to hotels and boarding houses and the denial of that privilege to restaurants, that this legislation has no relation to the health, morals, or safety of the public or of the operators of restaurants. There can be no reason of public policy for preventing proprietors of restaurants from selling wine with meals on Sunday, while the operators of hotels and boarding houses are allowed to do that very act. A possible reason for this discrimination may have existed in 1886, when the statute was passed, because in general at that time only those persons living in hotels and boarding houses ate there, while restaurants were patronized by the general public. Today, however, the general public patronizes hotels as much as, if not more than, the persons who live in them and it is becoming quite common for boarding houses to serve meals to the public. Therefore, there is no way under present conditions to distinguish the circumstances surrounding the serving of wine with a meal in a restaurant from the serving of wine with a meal in a hotel or a boarding house. To be constitutional a statute must not make or countenance any discrimination between persons pursuing the same calling. Special privileges are always obnoxious, and unjust discriminations between persons or classes are still more so. We, therefore, conclude that Act No. 18 of 1886 is discriminatory insofar as it applies to the defendants, and the motion to quash should be maintained. This conclusion makes it unnecessary for us to consider the other grounds of unconstitutionality raised by the defendants.
 

 For the reasons assigned, the convictions and sentences appealed from are annulled and set aside; and the prosecutions are dismissed.
 

 McCALEB and HAWTHORNE, JJ., dissent.
 

 O’NIELL, C. J., absent.