64 So.2d 445

COOPER v. ONE WHITE MODEL 1950
MOTOR TRACTOR et al.

No. 40966.

March 23, 1953.

Shirley G. Wimberly and Leo R. Wertheimer, New Orleans, for defendant-appellant.

Louis M. Jones, New Orleans, for intervenor and appellant.

Thomas A. Harrell, Baton Rouge, for plaintiff-appellee.

LE BLANC, Justice.

This is an in rem action on a rule brought by the Collector of Revenue for the State of Louisiana for the sale and forfeiture of a "White" motor tractor and a "Fruehauf" semi-trailer allegedly used to import for sale, into this State, unstamped, untaxed cigarettes without permit as required by LSA–R.S. 47:862. The proceeding is authorized by the provisions of LSA–R.S. 47:863. An attorney at law was appointed to represent the owner of the tractor and trailer. The owner then appeared in Court through his own counsel and resisted the rule on grounds set out in his answer and prayed for judgment recognizing him as owner of the motor and trailer and asked that they be released and returned to him. The Fruehauf Trailer Company of Detroit, Michigan, intervened in the proceeding claiming to be the holder and owner of a note secured by a chattel mortgage on the tractor-trailer combination, on which there remained due and owing a balance of $2,131.20, and asked that its lien and chattel mortgage which came into effect prior to the alleged violation of the Tobacco Tax Act, be recognized and that in the event of its sale to satisfy any obligations due the State, that such sale be made subject to its lien and mortgage.

The matter was tried in the district court and judgment was rendered in favor of the Collector of Revenue and against the tractor and trailer (referred to collectively as vehicle) and ordering its sale at public auction by the Civil Sheriff of the Parish of Orleans, the proceeds to be paid

into the Treasury of the State of Louisiana, in accordance with the provisions of LSA-R.S. 47:863. The judgment further ordered the dismissal of the owner's demands and also the dismissal of the intervention of Fruehauf Trailer Company. Both the owner and the intervenor moved for and were granted orders of appeal to this court. The appeal in the case of the owner was made returnable on the 4th day of August, 1952 and that in the case of the intervenor on the 11th day of July, 1952, each furnished the bond required by the order of appeal but no transcript was lodged in this court until August 4, 1952. That being several days after July 11, 1952, the return day fixed for filing the transcript by the intervenor, and it appearing that no extension of time for doing so was ever asked for or granted, appellee now moves for the dismissal of the intervenor's appeal. That is the only matter presented at this time.

█ In order for the intervenor to have preserved its appeal, it was necessary for it to file the transcript on or before the return day fixed in the order granting it the appeal, to wit: July 11, 1952, or within the three-day grace period following the return day, unless the time had been extended by this court. In the rather recent case of McDermott v. Kilpatrick, 198 La. 1053, 5 So.2d 332, 333, it is stated: "In the case of Aaron v. Mizer, 196 La. 481, 199 So. 398, we had occasion to review the prior jurisprudence on this subject

matter and affirm the well-settled rule that where an appellant effects his appeal and fails to file the transcript on or before the return day or within the days of grace following the return day he is conclusively presumed to have abandoned the appeal. This conclusive presumption can only be avoided by timely application to the appellate court for an extension of the return day."

█ The filing of the transcript by the defendant on the return day fixed in the order granting him his appeal did not enure to the benefit of the intervenor as they had appealed separately and each occupied a different relation to the plaintiff in rule. In the case of Rojas & Conner v. Seeger, 122 La. 218, 47 So. 532, one of the syllabi which correctly reflects the ruling of the court on a motion to dismiss the appeal of one of the defendants reads as follows: "Where two defendants, having diverse interests, are condemned by the same judgment and granted appeals, returnable at the same time, and one of them obtains an extension of time for making his return, and files a transcript for his own account within the delay allowed, but the other asks for no extension and files no transcript, the appeal of the latter will be dismissed as abandoned."

The same ruling applies where the parties appellant are a defendant and an intervenor as in this case and they have both appealed and have been granted separate orders of appeal.

The motion to dismiss must prevail and it is accordingly ordered that the appeal of the intervenor, Fruehauf Trailer Company be, and the same is, hereby dismissed at its costs.