584

66 So.2d 511

**FIRESIDE MUT. LIFE INS. CO. v. MARTIN et al.**

No. 41022.

June 1, 1953.

Fred S. LeBlanc, Atty. Gen., Adolph Menuet, Jr., Sp. Asst. Atty. Gen., and Cyrus A. Greco, Baton Rouge, for defendants-relators.

Stafford & Pitts, Alexandria, for respondent.

MOISE, Justice.

The plaintiff, the Fireside Mutual Life Insurance Company, engaged in the business of selling life, health and accident insurance policies on the assessment or co-operative plan, brings this suit for a declaratory judgment under the provisions of Act 431 of 1948 and of Act 22 of the Extra Session of 1948, LSA–R.S. 13:423, 1 et seq.

The named defendants are:

Wade O. Martin, Jr., Ex-Officio Insurance Commissioner of the State of Louisiana, and

Bolivar E. Kemp, in his official capacity as Attorney General of the State of Louisiana.

This matter comes before us by virtue of a writ of review directed to the Court of Appeal of the First Circuit of the State of Louisiana, pursuant to Article 7, § 11 of the Constitution of the State of Louisiana, 60 So.2d 224.

The case was tried upon a written stipulation and the agreement of the parties dictated in the notes of evidence.

The plaintiff in its petition challenges the legality of the following amendment to the Insurance Code, Act 195 of 1948, LSA–R.S. 22:391:

"All life, health and accident insurers on cooperative or assessment plan organized and authorized to do business in this state as of 12:00 noon of October 1, 1948, may continue to operate provided, that from and after December 31, 1950, all policies issued by such insurers shall be subject to and in accordance with the laws and regulations of this state relative to industrial life insurance, and especially subject to the provisions of this Code relative to domestic industrial insurers, with the same insuring powers which they have on such date. The operation of such insurers shall be governed by the provisions of this Part, and by all the applicable provisions of this Code not in conflict herewith." (Section 10:01.)

Plaintiff prays that this provision be declared void because of its irreconcilability with the other provisions of Chapter 10, now a part of Title 22 of the LSA–Revised Statutes, and, in the alternative, it prays that the provision in question be declared unconstitutional because it impairs the obligations of its charter contract had with the State of Louisiana and is, therefore, violative of both the State and Federal Constitutions. Art. IV, § 15, La.Const.; Art. I, § 10, U.S.Const.

There are two divergent views:

1. The district court held that the amendment should not be declared void, because it is clear and free from ambiguity and the legislative intent is self-evident and there is no need for construction.

2. The view of the Court of Appeal is that Chapter 10 of the Insurance Code relating to assessment insurance companies and Chapter 7 relating to industrial insurers both set out requirements that are conflicting and because of this conflict the quoted provision should be declared void; and, it is likewise urged, in the alternative, that the provision is unconstitutional because it impairs the obligation of its charter contract.

█ In interpreting the provision in question, it should be construed along with the remainder of the statute in connection with all laws on the subject matter. Melancon v. Mizell, 216 La. 711, 44 So.2d 826; Pepsodent Co. v. Krauss Co., 200 La. 959, 9 So.2d 303; Mills v. City of Baton Rouge, 210 La. 830, 28 So.2d 447; Galloway v. Wyatt Metal & Boiler Wks., 189 La. 837, 181 So. 187.

"When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit." Article 13, LSA–C.C.

We should tread cautiously in the exercise of power, in the instant case, so as not to usurp any power which has been specifically conferred on any one coordinated and equal branch of government. Article 2, § 1 of the Constitution provides:

"The powers of the government of the State of Louisiana shall be divided into three distinct departments— legislative, executive, and judicial."

Article 2, § 2 of the Constitution provides:

"No one of these departments, nor any person or collection of persons holding office in one of them, shall exercise power properly belonging to either of the others, except in the instances hereafter expressly directed or permitted."

Under Article 2, § 2 of the Constitution, we find the following pertinent quotations in the footnotes:

"The judiciary has no arbitrary prerogative to correct the abuses of power by the coordinate departments, against which the constitution itself has furnished no security. However disastrous the consequences of a course of legislation, it can not for that cause be arrested by the judiciary, whose only guide is the constitution, a violation of which by the other departments, equally sworn to its support, will be only pronounced where the clearest conviction of such violation is forced upon

the conscience of the court. [City of] New Orleans v. Cordeviolle, 9 La.Ann. 548; [City of] New Orleans v. Graihle, 9 La.Ann. 561.

"A court can not find, elsewhere than in the constitution itself, the right to control the exercise of a legislative power expressly granted; it can not add one jot or tittle to its terms; it can not, by glosses and interpretations, subtract one particle from its substance; and it would be rebellion in a judge to say, that a plain and unqualified grant of power by the constitution to a particular department was null, because against common right. State [ex rel. Bell] v. Hufty, 11 La. Ann. 303."

In the recent case of Conley v. City of Shreveport, 216 La. 78, 43 So. 2d 223, 225, we said:

"In the enactment of a statute the Legislature is supreme, except when restricted by constitutional authority. * * *

66 So.2d—33

"It is our duty to interpret the statute as to render it operative and not to cast a doubt on its constitutionality."

■ The attacked provision was passed in the exercise of the police power of the State.

Article 19, § 18 of the Constitution provides that

"The exercise of the police power of the State shall never be abridged."

Board of Barber Examiners of La. v. Parker, 190 La. 214, 182 So. 485; State v. Trahan, 214 La. 100, 36 So.2d 652, Town of Jonesville v. Boyd, 161 La. 278, 108 So. 481; State ex rel. Walker and Valentine Merz. v. Judge, et al., 39 La.Ann. 132, 138, 1 So. 437. Therefore, when the Legislature enacted this provision it was by a power specifically conferred together with a commandment of the Constitution, that such powers so exercised by the Legislature shall not be abridged.

It is true that under Article 5, § 15 of the Constitution, the Governor can exercise veto powers. The Constitution in this Article grants this power to the Executive Department and not the Judicial Department. From the very nature of a public administration, it is likewise true that there may be times when in the interest of the people, the general rule of the Constitution relating to the power of government will not be absolute. The Governor has his part in legislation through his power of veto, and the Senate has a share in executive appointments through the power of confirming them. The Executive Department makes laws in the form of departmental regulations, and the Legislature by controlling appropriations determines many an executive policy. Through the power of determining what are reasonable returns on investments in public utility cases, judges fix gas and railroad rates. But the

issue here is in no sense similar to the situation quoted above.

We should take greater notice of the consequences of decisons affecting the separation of the respective departments of government, and there should be a less focusing on the mere words of judges, and, as a court, we should be imbued with an immensity of the spirit of "what is right, is right". As a Supreme Court, we have the last say, and, in such instances, "each brain is a kingdom, each mind is a sovereign".

■ We find the following significant facts sufficient in themselves to uphold the constitutionality of the attacked provision:

■ 1. The attacked provision was enacted by the Legislature in pursuance of its police power. The Constitution ordains that this power shall not be abridged. Art. 19, § 18, La.Const.

2. The intent of the Legislature is evident, it needs no interpretation, and any attempt to apply rules of construction in such instances has the undesirable effect of bringing about confusion. State v. Maestri, 199 La. 49, 5 So.2d 499.

■ 3. The Legislature has the right and authority to regulate the insurance business. Robertson v. People of California, 328 U.S. 440, 66 S.Ct. 1160, 1162, 90 L.Ed. 1366; U. S. v. Southeastern Underwriters Ass'n, 322 U.S. 533, 64 S.Ct. 1162, 88 L.Ed. 1440; California State Auto Ass'n, etc. v. Maloney, Insurance Com'r, etc., 341 U.S. 105, 71 S.Ct. 601, 95 L.Ed. 788.

4. The nature of the insurance business is impressed with the public interest, and, therefore the Legislature in large measure fixes the public policy.

5. The company is the only company doing business under the cooperative or assessment plan of policy.

6. The cooperative or assessment plan, insofar as the amount of the premium is concerned, is indefinite and uncertain.

7. The provision under attack is a mere substitution of definiteness for indefiniteness and certainty for uncertainty.

8. The State of Louisiana has also exercised its public policy in relation to all insurance companies by providing the standard form of insurance, and the attacked provision here could be regarded as supplementary thereof.

9. The policyholders who have been issued policies will not be affected by any judgment rendered here, because, as contract holders their contracts will be enforceable regardless of the decision reached in this case.

The defendant filed an exception of no right or cause of action, because the plaintiff company was presently conforming to the provisions in question. The exception was predicated upon the issue that the question for decision was now moot.

The exception was properly overruled, but this fact is a substantiation of the argument that this provision does not prohibit the insurance company from doing business, nor does it impair the obligations of its contract.

The plaintiff's alternative prayer is that section 10:01 is unconstitutional because it impairs the obligation of its charter contract. The facts clearly disclose that there is no impairment of the obligation of the contract of the company but that the measure is a regulation as to the form of policy the company must write in the future. California State Auto Ass'n, etc. v. Maloney, Insurance Com'r, etc., supra; Goodman v. Tri-State Mut. Life Ass'n, 318 Ill.App. 388, 48 N.E.2d 214; Jenkins v. Talbot, 338 Ill. 441, 170 N.E. 735, 80 A.L.R. 638; McKissick v. Talbot, 283 U.S. 782, 51 S.Ct. 342, 75 L.Ed. 1412; Ins.Law, Appleman, Chapter 353, Secs. 10301, 10302.

If this court knows what everybody knows, then the court has knowledge that the provision in question promotes a hardship and possibly extra expense on the company to conform to the terms imposed by the statute, but, that is not a legal reason for the court to declare this legislation void. To do what our learned brother of the Court of Appeal did—declare void a provision of an Act of the Legislature, when such provision has been enacted through the police power of the State—is not to decide a judicial controversy but is to assume a position of authority over another co-equal department of the government is plainly a power that they nor we do not possess.

All courts would like to see as few binders or expense imposed upon a litigant as possible, but we must remember that:

"The power of the court to declare a statute unconstitutional is subject to

two guiding principles of decision which ought never to be absent from judicial consciousness:

"1. The courts are concerned only with the power of the Legislature to enact statutes—not their wisdom;

"2. The unconstitutional exercise of power by the executive and legislative branches of government is subject to judicial restraint, but the only check upon our exercise of power is our own sense of self-restraint".

In the exercise of the high power of declaring void a statute of the Legislature, we must ever be on our guard, lest we erect our prejudices into legal principles.

For the reasons assigned, the judgment of the Court of Appeal is annulled and reversed and the permanent injunction directed against the Secretary of State is dissolved and set aside; and it is now ordered that the judgment of the district court rejecting the plaintiff's demands be affirmed at plaintiff's cost.