MOISE, Justice.
This is a summary proceeding — an action in rem for the forfeiture of a specific instrumentality of carriage of contraband cigarettes from the State of Missouri to the City of New Orleans, Louisiana. The charge is an evasion and violation of the revenue laws of the State of Louisiana. The situs of the evasion was in the City of New Orleans, where the offending truck was located and the seizure was made.
The trial judge made the rule absolute and the truck and trailer were confiscated. The owner of the vehicle has appealed from the adverse judgment.
The Fruehauf Trailer Company intervened, claiming to be the holder of a chattel mortgage on the truck and trailer, but has since abandoned this action by failing to perfect its appeal, and it is not now a party to this suit. 223 La. 1, 64 So.2d 445.
*193 The facts of record are not controversial. The tractor-trailer unit — a 1950 “White” Model Motor Tractor bearing No. 150A27585, Missouri License No. 342-120, and a semi-trailer bearing serial number F A71548, Missouri License 56-835 — owned by defendant, Lawrence Justice, with the driver of the vehicle, Archie M. Gilmore, was leased to the Harlin Fruit Company of Springfield, Missouri, for use in the banana trade, on weekly trips between New Orleans and Springfield. During the course of making these trips to New Orleans, Gilmore transported on the truck and smuggled into the State of Louisiana at least one case of fifty cartons of unstamped cigarettes per week. The cigarettes were brought into the State of Louisiana, without the payment of the Louisiana Tobacco Tax, and were sold to purchasers on the wharves at New Orleans. At the time of the seizure by the agents of the Collector of Revenue of Louisiana, on April 16, 1952, at the Desire Street Wharf, in the City of New Orleans, the vehicle carried aboard thirty-one cartons of unstamped cigarettes consisting of ten packages of twenty cigarettes each. It is alleged that the practice of bringing the contraband cigarettes into the State of Louisiana, which had continued over a period of seven or eight months, resulted in a loss in revenue to the State of approximately $1560 to $2080.
In his answer to the rule, to show cause, defendant Justice averred that he had not sufficient information to justify belief. He contends that the Collector of Revenue must show that the owner of the truck participated in or was aware of the violation, before the vehicle can be forfeited. Obviously, this is erroneous, because the revenue statute places the burden of proof on the opponent.
The title of the revenue statute, Act 14 of the 2nd Extraordinary Session of 1935, reads:
“Providing additional procedure to facilitate and expedite the determination and trial of all claims by or on behalf of the State for taxes, excises and licenses, and for the penalties, interest and attorney’s fees thereon; providing for the summary hearing and determination of such claims by preference in all courts, fixing delays and the burden of proof and the amount of bond for appeals, and repealing inconsistent laws.”
The pertinent part of Section 4 of this statute provides:
“ * * * whenever the pleadings filed on behalf of the State, or on behalf of any of its officers charged with the duty of collecting any tax, excise, license, interest, penalty or attorney’s fees, shall be accompanied by an affidavit of the officer or of one of his deputies or assistants, or of the counsel or attorney filing the same, that the facts as alleged are true to the best of the affiant’s knowledge or belief, all of the *195 facts alleged in said pleadings shall be accepted as prima facie true and as constituting a prima facie case, and the burden of proof to establish anytlnng to the contrary shall rest wholly on the defendant or opposing party.” (Italics mine.) LSA-R.S. 13 :S034.
The facts alleged are conclusive on the question of the factors of proof. Defendant (opponent) did show through the testimony of Gilmore, the offending driver of the truck, that he, the owner of the vehicle, did not participate in bringing into the State the contraband cigarettes, and that he did not have any knowledge thereof, and, for this reason, it is urged that the manner in which the statute is construed and applied, is cruel and unusual punishment, and that such a construction violates the due process clause of the Constitution.
The statement in the Fireside Mutual Life Insurance Co. v. Martin, 223 La. 583, 66 So.2d 511, 514, is appropriate here:
" 'The power of the court to declare a statute.unconstitutional is subject to two guiding principles of decision which ought never to be absent from judicial consciousness:
“ ‘1. The courts are concerned only with the power of the Legislature to enact statutes — not their wisdom ;
“ ‘2. The unconstitutional exercise of power by the executive and legislative branches of government is subject to judicial restraint, but the only check upon our exercise of power is our own sense of self-restraint.’ ”
In considering the statute, we must (1) determine the right of the Legislature to enact; (2) ascertain the purpose and intent of the enactment; and (3) weigh the method sought to suppress the evil.
The first paragraph of LSA-R.S. 47:862, the statute involved, relates to the movement of the contraband into the State without the payment of the tobacco tax imposed; the second paragraph pertains to the procedure to be taken by those who illegally import cigarettes into the State, and provides for the seizure, forfeiture and sale of the vehicle.
The Legislature dedicated the tax imposed under this statute to support the current expense of the government. LSA-R.S. 47:869.
The next phase of the subject matter is the right of the sovereign to command obedience to its mandate — seizure and sale of the offending vehicle or carriage.
“It has long been settled that statutory forfeitures of property intrusted by the innocent owner or lienor to another who uses it in violation of revenue laws of the United States is not a violation of the due process clause of the Fifth Amendment.” Van Oster v. State of Kansas, 272 U.S. 465, 47 S.Ct. 133, 134, 71 L.Ed. 354. Supervisor of Public Accounts v. Schilling, *197 La.App., 169 So. 126; 23 Am.Jur., Secs. 5 and 6, pgs. 601-2.
In State v. Cook, 203 La. 95, 99, 13 So.2d 478, 481, we held:
“The statutes imply an absolute infliction, regardless of the nature and. extent by which it is superinduced. While the forfeiture under the circumstances in this case might appear severe and unjust, yet it is strictly within the letter of the statutes. This Court would not be warranted in departing from the clear and unequivocal language of the statutes by reading into them provisions not incorporated therein by the Legislature. The statutes provide for the forfeiture of any automobile or truck used in the transportation and delivery of gasoline between the hours of nine o’clock p. m. and five o’clock a. m. The undisputed evidence in this case shows that the statutes were violated in this respect.”
While the contraband article in the Cook case supra was''“gasoline”, and the contraband article in the instant case is “cigarettes”, nevertheless, in both cases the constitutional principle invoked is identical.
In the case of Oyster Commission of Louisiana v. Schooner Carroll C, 6 Orleans App. 51, it was stated:
“The guilt of a thing is entirely without reference to its ownership. It does not matter whether there is an owner at all, for an abandoned thing might become guilty by the violation of a statute; there may be an offending owner behind an offending thing, or there may not be; it is not essential that there should be. The owner may be perfectly innocent of any offense, yet his property be guilty. He may, as in the instant cause, have entrusted it to an agent without authorizing the latter to use it in contravention of law; yet, if thus used, it might become forfeit. * * * '
“Hence it is that an offending thing, a thing pronounced guilty for its transgression of a statute which has forfeiture as its sanction, when adjudged, forfeited is not ‘a taking of private property for public use without compensation.’ ”
LSA-Revised Statute 47:863, in part, provides:
“If upon the trial of the proceedings it is established * * * that the * * * truck * * * has been used to transport any article * * * upon which a said tax has not been paid, then the court shall render judgment accordingly, declaring the forfeiture of the * * * truck”.
This summary action in rem was not granted by the sovereign through caprice or desire. It is legally predicated — not as a punishment, but as a means to an end— to prevent the bringing of contraband cigarettes into this State and to effect the *199 faithful observance of the revenue laws of the State.
It has also been aptly stated in the Van Oster v. State of Kansas, supra, case:
“The law thus builds a secondary defense against a forbidden use and precludes evasions by dispensing with the necessity of judicial inquiry as to collusion between the wrongdoer and the alleged innocent owner.”
The above pronouncement of the due process clause of the Federal Constitution, 5th Amendment, which is almost identical in language as our own Constitution, Art. 1, § 6, should be conclusive that the defense urged is backed up with neither the weight of authority nor the predominance of precedent.
For these reasons, the judgment appealed from is affirmed at appellant-defendant’s cost.