BOLIN, Judge.
Plaintiff filed suit against the City of Shreveport and three of its officers seeking a preliminary injunction to enjoin defendants from enforcing Shreveport City Ordinance No. S of 1971, regulating the use of city streets and alleys by oversized vehicles. Plaintiff further sought a declaratory judgment decreeing the ordinance to be null and void. Defendants filed an exception of no cause of action which was sustained as to that part of the petition seeking a preliminary injunction but overruled as to the demand for a declaratory judgment. Prior to hearing on the numerous rules filed by both plaintiff and defendants the officials were dismissed as parties, leaving the City as the sole defendant.
Plaintiff did not appeal the ruling sustaining the exception and the case was set for trial on October 5, 1972. On that day, by agreement of counsel, the case was continued to permit sufficient time to elapse for the determination by the city whether a new ordinance, repealing and supplanting the earlier ordinance, would be passed. The continuance was conditioned on the agreement that plaintiff would be allowed to amend his petition to include an attack on the validity of the proposed new ordinance to be adopted by the city.
Following adoption of the ordinance in October, 1972, a certified copy of which is in the record, plaintiff amended his petition in accordance with the agreement. In addition, he filed a rule for a preliminary injunction to enjoin enforcement of the new ordinance, No. 163 of 1972. An exception of no cause of action was again filed by the city, which was sustained as to the preliminary injunction, and plaintiff appeals.
The issue before us is the correctness of the trial court’s order sustaining the exception of no cause of action levelled at the petition for a preliminary injunction. In passing upon this issue only the sufficiency of the allegations of the petition in con *421 junction with the applicable law need be considered.
Petitioner alleges he is the sole owner and operator of a business known as “Gif-ford Escort Service”, duly licensed by the state; that he is engaged full time in this business as the sole means of livelihood for petitioner and his family; that he has a substantial investment in his escort vehicles, equipment, communications equipment and the like; that his right to engage in this legal business is a protected property right under the Constitution and laws of the United States and the State of Louisiana; that by the enactment of the Louisiana Highway Regulatory Act the State has preempted the field of regulation of the movement of oversized vehicles over state maintained highways; that the ordinance adopted by the city is invalid since it prohibits what the state law permits. He also alleges he has suffered and will continue to suffer irreparable injury by the continued attempted enforcement of the ordinance by the city through its officers; that he has been harassed and. intimidated by police officers under the guise of enforcing the ordinance; and that he is entitled to a preliminary injunction until the constitutionality of said ordinance can be determined.
The Louisiana Highway Regulatory Act, Revised Statutes 32:1 et seq., in Sections 381 through 398,’ sets forth specific and complete requirements for size, weight and load of vehicles using or traveling upon highways within the state highway system or on state maintained highways. Louisiana Revised Statutes 32:388(F) authorizes the Director of Highways to issue a special permit for oversized or overweight vehicles; to specify the route to be followed; and to require “the accompaniment of the shipment by a proper escort, state police or otherwise, all at the expense of the user.” (Emphasis added)
Plaintiff asserts that the Louisiana Highway Regulatory Act specifically delegated the administrative authority over escort services to the Louisiana Department of Highways and the Louisiana Department of Public Safety; that pursuant to this authority these departments jointly issued “Director’s Policy and Procedure Memorandum No. 71”, dated January 6, 1970; that this memorandum sets forth the requirements for obtaining a license or permit to operate an escort vehicle and the duties and obligations of an escorting service, whether furnished by the permittee or by private escort service.
The present attack, is levelled at Section 9 of Ordinance 163 of 1972, which requires special permission of the City of Shreveport Traffic Engineer before an oversized load may proceed through the city; further, it requires a police escort through the City of Shreveport and the payment of a ten dollar fee per oversized vehicle or conveyance requiring police escort. There are penal provisions for violation of the ordinance.
Louisiana courts have held consistently that three circumstances must exist concurrently before enforcement of a penal ordinance may be enjoined: (1) the inva-sion of a property right in the plaintiff; (2) a threatened irreparable- injury for which there is no adequate remedy at law; and (3) a manifestly unconstitutional ordinance. See Olan Mills, Inc. of Tennessee v. City of Bogalusa, 225 La, 648, 73 So.2d 791 (1954) and cases cited therein; Warner v. Clarke (La.App. 2d Cir. 1970) 232 So.2d 99 and cases cited. If any one of the three enumerated conditions is absent the judgment of the lower court must be affirmed.
We have examined minutely plaintiff’s allegations in order to ascertain whether the three conditions noted in Olan Mills and in Warner have been satisfied. For purposes of this decision we shall consider first the question of irreparable injury. The allegation of irreparable injury is that plaintiff has been embarrassed, intimidated and harassed by the police in the course of enforcing the ordinance and that his business has been damaged by these po *422 lice actions. The petition for a preliminary injunction alleged no specific facts of injury, but merely that the enforcement of the ordinance caused him irreparable injury. [It is noted that plaintiff has not alleged he has been threatened with arrest since passage of the new ordinance.]
Furthermore, Section 9 of the ordinance makes no mention of nor does it impose any duties upon persons operating escort services. Rather, the ordinance requires that the owner or operator of an oversized or overweight vehicle shall apply for special permission and a police escort to proceed through the City of Shreveport; that the applicant [owner or operator] who satisfies and agrees to abide by the conditions shall be granted such special permission; that one of the conditions attaching to every grant of such special permission [to the applicant] shall be a fee of $10 per oversized vehicle or conveyance requiring police escort. Appellant has neither alleged nor was it contended in argument that he is the owner or operator to whom the ordinance refers. We conclude plaintiff has failed to allege facts sufficient, if proven, to show how enforcement of the ordinance, as written, would cause him irreparable injury.
While the allegations may state a cause of action on the merits, they do not justify the issuance of a preliminary injunction since they do not constitute a “threatened irreparable injury as a result of a demonstrable inability to obtain an adequate remedy in the courts having jurisdiction of the threatened prosecution.” Warner v. Clarke, supra; Sears, Roebuck and Co. v. City of New Orleans, 238 La. 936, 117 So. 2d 64 (1960); Olan Mills, Inc., supra; Baton Rouge Fireworks Co. v. Police Jury (La.App. 4th Cir. 1961) 127 So.2d 54.
As stated in Baton Rouge Fireworks Company, “irrespective of the constitutionality or unconstitutionality of the ordinance, we cannot conclude that plaintiff is threatened with irreparable injury without possession of an adequate remedy therefor. The district court ... is vested with jurisdiction of the prosecution and an adequate remedy is afforded plaintiff within the legal framework of that tribunal.
Having found no irreparable injury, we need not pass on the issue of whether plaintiff has sufficiently alleged a threatened invasion of a property right nor do we need to pass on the alleged manifest unconstitutionality of the ordinance.
For reasons assigned the judgment of the lower court sustaining the exception of no cause of action as to the preliminary injunction is affirmed and the case is remanded to the lower court for further proceedings consistent with the views herein expressed.
Plaintiff is assessed with cost of this appeal, all other costs to await final disposition of the case.