SARTAIN, Judge.
Appellant, Michael Fonseca, appeals from a judgment ordering the forfeiture of his Ford pickup truck to Chester C. Baudoiri, Sheriff of St. Mary Parish, under the provisions of R.S. 40:989 A(4). We affirm.
On January 10, 1976, appellant, while driving the subject vehicle, was apprehended and certain quantities of marijuana in the form of hashish, and cocaine, were found. He later pled guilty to and was sentenced for the illegal possession of cocaine. This suit followed.
Appellant argues that R.S. 40:989 A(4) is violative of Article 1, sec. 4, of the Louisiana Constitution of 1974 and the Eighth and Fourteenth Amendments to the Federal Constitution. We shall discuss these contentions in the order mentioned.
“R.S. 40:989, in pertinent part, provides: § 989. Forfeitures
A. The following shall be subject to forfeiture and no property right shall exist in them:
******
(4) All conveyances including aircraft, vehicles, or vessels, which are used or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, production, manufacture, compounding, dispensation or concealment of property described in Paragraphs (1) and (2), except that: * * * >>
Article 1, Section 4, of the Louisiana Constitution (1974) states:
“§ 4. Right to Property
“Section 4. Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power.
“Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his .benefit. Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose and with just compensation paid to the owner; in such proceedings, whether the purpose is public and necessary shall be a judicial question. In every expropriation, a party has the right to trial by jury to determine compensation, and the owner shall be compensated to the full extent of his loss. No business enterprise or any of its assets shall be taken for the purpose of operating that enterprise or halting competition with a government enterprise. However, a municipality may expropriate a utility within its jurisdiction. Personal effects, other than contraband, shall never be taken.
“This Section shall not apply to appropriation of property necessary for levee and levee drainage purposes.” (Emphasis ours)
We are of the opinion that the subject vehicle is contraband within the intent of Article 1, Section 4, above, and that the forfeiture statute here assailed is a reasonable exercise of the police power of this state.
It is appellant’s basic contention that his vehicle is a personal effect which is not contraband and is therefore constitutionally exempt from forfeiture.
With respect to the classification of “contraband”, we note that there are no cases in Louisiana dealing with this particular issue. *1248 However, generally speaking, courts of other jurisdiction have classified forfeiture statutes of similar import into one of two categories: those which specifically describe the contraband (such as the dangerous substance itself) and those statutes which are directed at property (conveyances) which is used in connection with an unlawful act. 50 A.L.R.3d 175. These latter items have been termed as “derivative contraband”. The obvious purpose of the statutes relating to derivative contraband is to foster the object of the underlying criminal statute both by preventing further illicit use of the conveyance in the transportation and distribution of dangerous substances and by imposing an economic penalty, thereby rendering the illegal activity less profitable. Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 94 S.Ct. 2080, 2094, 40 L.Ed.2d 452 (1974), rehearing denied, 417 U.S. 977, 94 S.Ct. 3187, 41 L.Ed.2d 1148.
With respect to Section 4 of Article 1, Louisianá Constitution of 1974, one author has stated that the record of the debates of the constitutional convention “provides no special definition of contraband. The term is used in the ordinary sense of property the possession of which is forbidden by law." Hargrave: The Declaration of Rights, Etc., 35 La.L.Rev. 1 (1974). We further add that the term “contraband” also includes “derivative contraband” that is the conveyance used in the transportation and distribution of illegal substances. This we believe to be the intent of Article 1, Section 4, considering the qualification contained in the first paragraph thereof, i.e., “. . . subject to . the reasonable exercise of the police power.”
The question then remains whether the subject statute is a reasonable exercise of the police power of the state.
In State v. Martin, 193 La. 1036, 192 So. 694, 696 (1939), our Supreme Court first recognized and constitutionally sanctioned the authority of the state to enact legislation relating to dangerous substances. The statutes there under attack were the forerunners of the present laws on the same subject matter. The purpose of such laws then is the same as it is now, that is to further the regulation and control of drugs and narcotics. To this end the statute here contested is particularly designed to impede, restrain and otherwise discourage the distribution of such dangerous substances. Calero-Toledo v. Pearson Yacht Leasing Co., above. For an exhaustive historical comment on the current statutes (R.S. 40:961-990), the jurisprudence, and drug abuse related problems, see Andrus and Moore, The Uniform Controlled Dangerous Substances Act: An Expositive Review, 32 La.L.Rev. 56. The problem has not abated. To the contrary, it has worsened.
The abridgement of a valued property right (to the use and enjoyment of a vehicle) must be weighed against the object and purpose of the evil sought to be prevented. This decision was made by the legislature. In determining whether that body properly exercised its authority under its grant of “police power”, the courts must consider whether the statute complained of bears a legitimate state purpose and does not unreasonably infringe on other constitutionally protected interests. Our answer to both is in the affirmative.
Appellant further argues that R.S. 40:989 A(4) violates the due process clause of both the Federal and State Constitutions. We find this contention to be without merit. We are satisfied that the goal or purpose of the statute bears a real and substantial relationship to the general welfare of the citizens of this state. State v. Martin, above, and Calero-Toledo v. Pearson Yacht Leasing Co., above. We are also satisfied that it is well within the province of the legislature to impose the sanction of forfeiture as a deterrent to illicit traffic in drugs, narcotics and other substances classified as dangerous.
Appellant in essence argues that the individual property right which he is now denied is greater than the public’s right to be protected from illegal drugs and narcotics. On this issue the great weight of authority is to the contrary. Not only drug forfeiture statutes but many other statutes dealing with health related problems have been tra *1249 ditionally upheld as constitutional. One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965) (illegal liquor); United States v. McCormick, 502 F.2d 281 (9th Cir. 1974); United States v. One 1967 Ford Mustang, 2 Door Hardtop, 457 F.2d 931 (9th Cir. 1972) (counterfeit money); Cooper v. One White Model 1950 Motor Tractor, 225 La. 190, 72 So.2d 474 (1954) (contraband cigarettes); State v. Billiot, 229 So.2d 72 (La.1969) (shrimping equipment); State v. Cook, 203 La. 95, 13 So.2d 478 (1943) (illegal delivery of gasoline); United States v. One 1969 Plymouth Fury Automobile, Serial No. PM 43G9D199088, 476 F.2d 960 (5th Cir. 1973) (counterfeit money); United States v. One 1970 Buick Riviera Bearing Serial No. 494870H910774, 463 F.2d 1168 (5th Cir. 1971), cert. den. 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 244 (marijuana); United States v. One 1962 Ford Thunderbird, 232 F.Supp. 1019 (D.C.1964); United States v. One 1971 Chevrolet Corvette, Auto Vehicle Identification No. 194371S119217, 393 F.Supp. 344 (D.C.1975) (marijuana); 49 U.S.C.A. § 782.
Lastly, appellant argues that the forfeiture of his vehicle is an additional penal sanction which constitutes cruel and unusual punishment in violation of the Eighth Amendment to the federal constitution. He has cited no authority for this contention and our research has failed to disclose any. We note that in State v. Normand, 285 So.2d 210, 212 (La.1973), the Supreme Court described the type of punishment sought to be constitutionally prohibited by the Eighth Amendment as “. those that are barbarous, extraordinary, or grossly disproportionate to the offense. In short, the constitutional prohibition is directed to punishments that shock the conscience of civilized men.” We find that the subject forfeiture does not fall under the above criteria.
Accordingly, for the above reasons, the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.