BOLIN, Judge.
Plaintiff filed suit seeking to have certain ordinances of the City of Shreveport relating to Sunday liquor sales declared unconstitutional and their enforcement enjoined. The trial court sustained defendants’ exception of no cause of action and we affirm.
Plaintiff seeks to have the following ordinances declared unconstitutional:
Section 3-12. Dealers to be Closed Between Certain Hours on Sunday.
Except as is now or may hereafter be provided in Section 3-13 hereof, it shall be unlawful for any retail dealer or wholesale dealer to be open for business in the City between the hours of 2:30 a. m. Sunday and 7:00 a. m. Monday. Section 3-13. Sunday Sales at Certain Establishments.
******
B. Bona Fide Private Clubs.
(1) A bona fide private club, as defined herein, shall be permitted to serve alcoholic beverages on Sundays but only between the hours of 12:00 noon and 12:00 midnight. Such a bona fide private club, however, may serve only the types of alcoholic beverages that it is licensed to serve at other times.
(2) Any bona fide private club designed to serve alcoholic beverages on Sundays in accordance with this section shall first apply to the Commissioner of Public Safety for a Sunday Alcoholic Beverage Permit for Private Clubs. Any applicant for such a permit shall furnish such information relative to its operation as may be required by the Commissioner of Public Safety, including, but not necessarily limited to, Articles of Incorporation and other documents evidencing that the applicant is a bona fide private club as defined herein. The Commissioner of Public Safety shall arrange for a representative of his Department to inspect the applicant’s premises to determine whether a bona fide private club as *159 defined herein is being operated on such premises. If the Commissioner of Public Safety is satisfied that a bona fide private club is being operated on the premises of the applicant, he shall issue a Sunday Alcoholic Beverage Permit for Private Clubs which shall be displayed in a conspicuous place on the premises of the applicant. Any permit issued pursuant to this section shall be subject to revocation of suspension for any ground that a dealer’s basic liquor permit may be revoked or suspended and also if the applicant shall fail to continue to operate a “bona fide private club” as defined herein.
******
(4) For the purpose of this section a “bona fide private club” is defined as a voluntary, incorporated or unincorporated association of persons for purposes of a social, literary, political, or other noncommercial nature which is patronized only by its members and any guests which have been specifically invited by and accompany such members. Equitable ownership of such club must be held exclusively by its members. It must be “non-profit” in nature in that it must not be designed primarily to pay dividends on invested capital nor incomes to its members. After the issuance of the permit the holder thereof must at all times meet the requirements hereof in order to be considered a bona fide private club as defined herein.
******
Section 3-13. Sunday Sales at Certain Establishments.
C. Bona Fide Private Parties Held on Sundays on the Premises of Retail Dealers of Alcoholic Beverages.
(1) Notwithstanding anything contained in Sections 3-11 and 3-12 hereof, it shall be lawful for any retail dealer of alcoholic beverages otherwise licensed to allow consumption on the premises to open and sell, serve, dispense, or otherwise dispose of any alcoholic beverages between the hours of 12:00 noon and 12:00 midnight for the purpose of conducting a bona fide private party as defined herein and on the terms of the conditions contained herein.
(2) Any retail dealer desiring to open on Sunday between the hours of 12:00 noon and 12:00 midnight and sell, serve, dispense, or otherwise dispose of any alcoholic beverages during that time for the purpose of conducting a bona fide private party as defined herein shall first apply to the Commissioner of Public Safety for an Alcoholic Beverage Permit to Sell, Serve, Dispense, or otherwise Dispose of any Alcoholic Beverage at a Private Party on Sunday. Any application for such a permit shall furnish such information relative to the contemplated private party as may be required by the Commissioner of Public Safety including, but not necessarily limited to, identification of the host(s) for the contemplated party, the number of invited guests, the proposed hours of the party, together with a statement that no one not specifically invited to the party will be allowed admittance thereto. All applications for such permits shall be submitted to the Commissioner of Public Safety no later than (10) days prior to the proposed time and date for such a private party. Any permit issued pursuant to this section shall be subject to revocation and suspension for any ground that a dealer’s basic liquor permit may be revoked or suspended.
******
(4) For the purpose of this article, a “bona fide private party” is defined as a party hosted and sponsored by someone other than the retail dealer of alcoholic beverages and for which a written guest list is prepared, invitations are distributed, and no one other than specific invitees thereto shall gain admittance.
*160 Plaintiff alleges these ordinances violate the equal protection clause of the 14th Amendment of the United States Constitution and Article 1, Section 3 of the Louisiana Constitution. This allegation is based on a claim that the ordinances create a distinction between businesses open to the general public and private clubs or parties without a reasonable basis for the distinction.
Plaintiff further alleges these ordinances violate the First Amendment of the United States Constitution and Article 1, Section 8 of the Louisiana Constitution in that they were enacted on the basis of religious belief and, as such, constitute a prohibited establishment of religion.
The trial court, on an exception of no cause of action filed by the defendants, found there is a reasonable basis for the distinction created by the ordinances. Consequently, it held the ordinances to be constitutional on their face and sustained the exception.
Plaintiff appeals, contending the trial court erred in sustaining the exception based on a finding of a reasonable basis for the distinction created by the ordinances. It further contends the court erred in not considering the legislative intent when determining the constitutionality of the ordinances.
Plaintiff’s first specification of error is without merit. This court, in Gifford v. City of Shreveport, 291 So.2d 419 (La.App. 2nd Cir. 1974), stated the following with regard to the requirements for enjoining the enforcement of a penal ordinance:
Louisiana courts have held consistently that three circumstances must exist concurrently before enforcement of a penal ordinance may be enjoined: (1) the invasion of a property right in the plaintiff; (2)a threatened irreparable injury for which there is no adequate remedy at law; and (3) a manifestly unconstitutional ordinance. See Olan Mills, Inc. of Tennessee v. City of Bogalusa, 225 La. 648, 73 So.2d 791 (1954) and cases cited therein; Warner v. Clarke (La.App. 2d Cir. 1970) 232 So.2d 99 and cases cited. If any one of the three enumerated conditions is absent the judgment of the lower court must be affirmed.
In the present case, the trial court found the third circumstance, a manifestly unconstitutional ordinance, to be lacking.
We agree. The jurisprudence has clearly established that ordinances prohibiting the sale of alcoholic beverages on Sunday are constitutional. Corporation of Minden v. Silverstein & Dittner, 36 La.Ann. 912 (1884); City of Baton Rouge v. Rebowe, 226 La. 186, 75 So.2d 239 (1954); State v. Trahan, 214 La. 100, 36 So.2d 652 (1948). The basis for these ordinances has been stated to be the desire to ensure to the public at large a day of rest free from what local lawmakers consider antagonistic influences. Corporation of Minden v. Silverstein & Dittmer, supra. Since local laws prohibiting liquor sales on Sunday have been held valid as protecting the public, the fact that such a law exempts private establishments does not render it invalid. We do not find it unreasonable for a local governing authority to prohibit sales to the general public and at the same time permit sales at private clubs and parties, particularly when these clubs and parties are under strict government scrutiny and regulation. This minimizes the effect of this prohibition on the exercise of personal freedom while at the same time affording ample protection to the public at large.
Plaintiff’s demand for a declaratory judgment was also properly dismissed. In Theodos v. Bossier City, 232 La. 1059, 95 So.2d 825 (1957), the court held that a civil court abuses its discretion in entertaining a suit for declaratory judgment when criminal action is pending against plaintiff involving the identical question on which plaintiff asks declaratory relief. Plaintiff’s petition alleges there are pending charges against its members arising out of the violation of the ordinances in question. Consequently, a declaratory judgment in this case would be improper.
Plaintiff’s second specification of error is also without merit. Even if the trial *161 court had considered the legislative intent in determining the constitutionality of the ordinances, the result would have been the same. As stated above, our courts have held that Sunday liquor laws have a purpose distinct from the establishment of a religion through mandatory observance of the Christian Sabbath. As the court stated in Corporation of Minden v. Silverstein & Dittmer, supra:
While it may be that the reason for selecting Sunday as the day on which the liquor traffic is prohibited, rests on the universally admitted belief in the Christian world that that day is the Sabbath of the Lord, and that it is the day of rest, yet the regulation might well be supported on reasons having no connection with Sunday as a Sabbath.
Having a valid purpose apart from an enforced observance of the Christian Sabbath, these ordinances are not an establishment of religion prohibited by the United States and Louisiana constitutions.
The judgment is affirmed at appellant’s cost.