### No. 9453.

### THE STATE EX REL. C. H. TEBAULT vs. THE JUDGES OF THE FIFTH CIRCUIT.

The delay for filing applications for rehearing is the same in the Circuit courts as in the Supreme court.

Where there is an express provision of law regulating practice, a rule of court contravening it cannot be enforced and must be abrogated.

APPLICATION for Certiorari.

*B. R. Forman* for the Relator.

*J. G. Gilmore* for the Respondents.

The opinion of the Court was delivered by

MANNING, J. In a suit by the Pacific Railway Co. against the relator for an expropriation of a strip of his plantation in Jefferson, he reconvened and had judgment for $850 as damages. The Railway Co.

appealed to the Circuit Court which reduced the judgment to $392, rendering it on Friday March 20th. The court was to adjourn the next day and on that day the relator "called the attention of the court to his legal right to six or at least three judicial days within which to apply for a rehearing and asked the court to order the case to stand open for that time." The court refused to make this order whereupon the relator says he offered a petition for rehearing with a brief and the court refused to permit it to be filed because one of its rules requires applications for rehearing to be made on the same day that the decisions are rendered. The respondent judges say they did not know of this application until they were looking over the papers to prepare their answer but that their rule would have prevented them passing upon or considering it.

This application for a certiorari was therefore made with the prayer that the respondents be directed to receive and consider the application for a rehearing and meanwhile be restrained from executing their judgment until the application has been considered and acted on.

The rule is clearly illegal. It is in the teeth of the express statutory provision that three judicial days are allowed in this court for receiving petitions for rehearing at country terms and of the constitutional provision that the Circuit courts must be governed by the rules that govern us.

The respondents insist that the qualification of this provision, i. e. that our rules govern them so far as they are practicable, justifies their rule because it is not practicable for them to grant three days. It is as practicable for them as for us. As well might we make a rule that decrees rendered by us in the closing days of May should become final on the day they are rendered because the Constitutional limit of our city term is the last day of that month, and the delay for applications for rehearing cannot expire.

It has not often happened that cases have been decided by us in the last week of the term, but press of work or the intricate questions to be examined has occasionally deferred a decision until too late for it to ripen. Of course it does not become final until the requisite number of judicial days have elapsed in the following November.

Our learned brothers of the Fifth Circuit will see therefore that neither they nor ourselves can make and enforce a rule of court that contravenes an express legal enactment.

It is therefore ordered that the respondents receive and consider the relator's application for a rehearing of the cause above mentioned, and pending the same that the execution of the judgment therein rendered be suspended.

Rehearing refused.