ELLIS, Judge.
This suit was filed by Eugene V. Wan-less against the Louisiana Real Estate Board through its president and secretary and against the Department of Occupational Standards through its director. The plaintiff sought to have an order of the Louisiana Real Estate Board dated February 8, 1961 set aside. The order at issue revoked plaintiff’s license to operate as a real estate broker and refused to grant him a renewal thereof.
The suit was heard on the merits and judgment was rendered affirming the order of the Louisiana Real Estate Board, which plaintiff had sought to reverse. Plaintiff perfected a suspensive appeal to this court from the adverse judgment of the District Court. The suit brought by plaintiff was originally begun as a mandamus proceeding, but it was converted at a later date to an ordinary action.
The text of the order of the Louisiana Real Estate Board attacked by plaintiff is as follows:
“The Board hereby revokes the license as a Real Estate Broker of Eugene V. Wanless and refused to grant any renewal thereof, the Board finding as a fact from the testimony taken in the hearing granted in this matter that Mr. Wanless was attempting to secure a license through misrepresentation by making a false statement on his application for renewal and more specifically the answer ‘None’ given on the application in answer to the question ‘Have you had any suits over real estate filed against you during the past year?’ which is in violation of R.S. 37:1453 [37:1454] (12), as the answer was false, there being *431 a suit against him pending at the time of his filing the said renewal application involving litigation over real estate, said Suit being #57,121, Samuel S. Dalton vs. Jefferson Parish Real Estate Board, Inc., et als, 24th Judicial District Court, Parish of Jefferson, State of Louisiana; the Board also hereby revokes the license as a Real Estate Broker of Eugene V. Wanless and refuses to grant any renewal thereof, the Board finding as a fact from the testimony taken in the hearing granted in this matter that Mr. Wanless pursued a flagrant and continued cottrse of misrepresentation through advertisements and more specifically advertising that he is a member of the Real Estate Board of New Orleans, Inc. after he had been expelled, thereby misleading the public. The Board found that this conduct was in violation of R.S. 37:1454 (3) and (10).”
The suit captioned Dalton v. Jefferson Parish Real Estate Board, Inc., which was mentioned in the order was brought by a candidate for Judge against the Jefferson Parish Real Estate Board, Inc. and many others, including the plaintiff herein, Eugene V. Wanless. It was based upon several broad allegations and alleged that several of the defendants had purchased approximately 25 acres of land in Jefferson Parish at a price of $95,000.00. Several days after the purchase they sold the same land to the Jefferson Parish School Board as a school site for the price of $200,000.00. Apparently, the only connection the plaintiff herein had with the transactions was that he was appointed to appraise the property in question and did so. He was appointed along with two other appraisers, Joseph Castle and Curtis Covington, and the three appraisers set a price of $195,000.00 on the property in question. The suit was dismissed against several of the defendants prior to the time it was dismissed against plaintiff herein on February 7, 1961. The basis for the dismissal was Dalton’s failure to furnish security for costs.
A second set of circumstances should he covered in this opinion in regard to a charge brought with the Louisiana Real Estate Board by the Real Estate Board of New Orleans, Inc. to the effect that plaintiff continued to represent himself and his firm as a member of the Real Estate Board of New Orleans, Inc. which membership actually was terminated by that body on August 21, 1959. It appears that plaintiff was expelled from membership in the New Orleans Board on the basis of a letter which he wrote to the general membership of the New Orleans Board and to the state and national boards, and as a result of this letter a criminal charge of defamation was brought in Section A of the Criminal District Court for the Parish of Orleans. The letter contained the following language which was alleged to be defamatory:
“1. Are the officers and members of the Board of Directors guilty of MALFEASANCE, NONFEASANCE or WHAT HAVE YOU, when the entire membership of the organization is denied the basic right of any democratic organization in a voice concerning the RIGHTS AND PRIVILEGES of every member. To illustrate:
“2. Just what happens to all of the dues and monies collected from the membership at large? There are approximately 230 members of the Association all paying at least $50.00 per year per man. Don’t you feel that as a member, a dues paying member, that we have a right to know just what is done with all of this money ? DO THEY DIVIDE IT UP BETWEEN THEMSELVES, OR WHAT? What about a detailed financial report ? Are they all, like Caesar’s wife, ‘above reproach’ ? The general membership should know.
“3. APPRAISALS: Just who gets all of the BIG appraisals that are requested of OUR BOARD ? Do they divide them between themselves and LEAVE THE SCRAPS for the dues paying members at large? WHAT SYSTEM DO THEY USE. TO -ALLOT THESE APPRAISALS ?”
Wanless was convicted of defamation by the criminal district court and a suspensive *432 appeal was taken to the appellate Division No. 2 of the Criminal District Court of the Parish of Orleans. On appeal, the judgment of the trial court was reversed and Wanless was acquitted. Writs of certio-rari, mandamus and prohibition were taken by the State of Louisiana and were denied by the Supreme Court of the State of Louisiana. An application for rehearing on this ruling was not considered upon the authority of Rule XII, Section 5, Revised Rules of the Supreme Court of Louisiana, 8 LSA-R.S. This final judgment was not rendered until January 9, 1961. As stated above, the bill of information in this criminal proceeding was filed January IS, 1958, and from that time until the final judgment of the Supreme Court was rendered on January 9th, 1961 the defendant (Wanless) admittedly continued to use the term “realtor” even though he had been expelled from membership by the Real Estate Board of New Orleans, Inc. Although Wanless was ill and unable to attend the hearing with his attorney, the hearing was had and a decision was made by the Grievance, Ethics and Arbitration Committee over the objections of Wanless’ attorney on July 7th, 1959. An appeal was made to the Board of Directors of the Real Estate Board of New Orleans, Inc. which affirmed the decision of the committee. Wanless was notified of this by a letter dated August 21, 1959. Thereafter the Real Estate Board of New Orleans, Inc. wrote a letter dated October 4, 1959 requesting Wanless to refrain from using the copyrighted term “Realtor” in any manner. On November 24, 1959 Arthur L. Ballin, an attorney for the New Orleans Board wrote a letter advising Wanless to discontinue using the word “Realtor” and the emblem of the National Association Real Estate Board. The attorney’s letter closed with the following sentence:
“Should you fail to comply with this request, I am instructed to institute legal action against you.”
No legal action was instituted against Wanless on this basis from the date of Ballin’s letter to the date of the Louisiana Real Estate Board hearing in January of 1961. Wanless testified that his attorney had instructed him to the effect that his expulsion from membership in the Real Estate Board of New Oreleans Inc. was illegal, and that, therefore, he was still a member. He was further advised that his suspensive appeal in criminal court kept his membership in status quo. Wanless’ attorney confirmed these statements. Wan-less also testified that he attempted to pay dues to the New Orleans Board after August 21, 1959, but that his checks were returned. After the Supreme Court upheld his acquittal he instituted proceedings to be formally reinstated as a member of the New Orleans Real Estate Board, Inc.; the outcome of these proceedings is unknown to this court.
In deciding this case, this court must resolve two main issues. The first is whether or not Wanless was guilty of a violation of LSA-Revised Statute 37:1454 (12), that is, whether or not he is guilty of performing or attempting to perform the act of “procuring a license, for himself or anyone else, by fraud, misrepresentation or deceit.” The second is whether or not the actions of Wanless in using the term “Realtor” at the time when the Board of Directors of the New Orleans Real Estate Board had terminated his membership constitutes the types of action that are prohibited by LSA-Revised Statutes 37:1454(3), that is, whether or not he was guilty of performing or attempting to perform acts which would constitute pursuing “a flagrant and continued course of misrepresentation or making of false promises through agents, salesmen or advertisements, or otherwise.”
The trial court decided this case on the basis of the first issue set forth above and failed to mention the second issue. It affirmed the Louisiana Real Estate Board’s decision and found that Wanless had an *433 swered falsely to a question on his application for renewal of his license with this board. The question was as follows:
“Have you had any suits over real estate filed against you during the past year?”
The typewritten answer to this question in the application of Wanless received December 14, 1960 was “None.”
It is felt, after a careful review of the entire record presented, that Wanless gave a reasonable explanation for having answered that portion of the application in the negative. In the first place, the suit entitled Samuel S. Dalton v. Jefferson Parish Real Estate Board, Inc., et als, No. 57121 on the docket of the Twenty-fourth Judicial District Court in and for the Parish of Jefferson, State of Louisiana, was political in nature. Wanless understood that he was designated as a defendant either in his capacity as president of the Jefferson Parish Real Estate Board Inc. or as appraiser for the same Board. This suit was filed by a political candidate in order to increase his chances for a successful campaign. The quite broad and general allegations of conspiracy and fraud made in plaintiff’s petition set forth nothing but the vaguest details of the actions attacked. Wanless’ uncontradicted testimony is to the effect that his only connection with the transactions questioned by the suit was that he was appointed along with Joseph Castle and Curtis Covington to appraise the tract in question. He was appointed by the Jefferson Parish Real Estate Board, Inc. The three appraisers proceeded to appraise the property along with other proposed sites and to turn in the appraisals to the board. They appraised the property for $200.00 an acre less than the price which the Jefferson Parish School Board paid for the tract, which made a difference of approximately $5,000.-00 in the appraisal and in the price actually paid. There is no proof in the record that the appraisal in question actually was out of line with the true value of the property. Three allegations in the original petition of the Dalton suit allege that the property was bought by several individuals for $95,000.00 and sold by these parties several days later to the Jefferson Parish School Board for $200,000.00. Wanless stated, again without contradiction, that he was not involved in the sale of the land in any other respect than as appraiser for Jefferson Parish Real Estate Board, which had been appointed by the School Board and, therefore, he did not consider the proceedings as being connected personally with him. Plaintiff did not consider this suit to be of such a nature that he would be required to report it to the Louisiana Real Estate Board. LSA-Revised Statute 37:1437.1 reads as follows:
“It shall be the duty of every licensee within ten days of the receipt by him of a citation issued to him from any court of competent jurisdiction or * * * the institution of any prosecution against him, the subject matter of which involves any real estate or business-chance transaction to which he was a party, to notify the board in writing within ten days, such notification to be addressed to the board by U. S. registered mail, provided, however, such citation stipulates any or all of the causes for which the Louisiana real estate board has the authority to revoke or suspend a broker’s or salesman’s license, as defined in R.S. 37 :- 1454. Failure to give such notification shall automatically suspend such licensee. The licensee shall similarly notify the board within ten days from entering into a compromise of any such suit, judgment by the court or dismissal of the action, civil or criminal. Added Acts 1952, No. 233, § 1. (Emphasis added)
These provisions when read literally would not require Wanless to report the filing of the Dalton suit to the Louisiana Real Estate Board in that he was not a vendor, vendee nor a broker for the vendors *434 or vendees in the transaction complained of in the Dalton suit.
Counsel for defendant makes the following- observation in his brief:
“The legislature attaches such importance to the notification of the Board of any action against a licensed real estate broker which ‘involves any real estate transaction’ (sic), that it provides for the immediate and automatic suspension of any broker who fails to so notify the board.”
It should be noted that this observation is incomplete and that a real estate broker is merely required to report “any prosecution against him the subject matter of which involves any real estate or business-chance transaction to which he was a party.”
Thus the stressing of the provisions of this statute redound to the benefit of the plaintiff rather than the defendants herein. Admittedly Wanless was not a party (i. c., a broker, a vendor or vendee) to the transaction attacked in the Dalton suit. Therefore by the literal provisions of L SA-R.S. 37:1437.1 he would clearly be absolved of any duty to report the Dalton suit to the Louisiana Real Estate Board.
Another point which should be brought out is that the Louisiana Real Estate Board could have complained of the actions of Wanless in connection with the allegedly fraudulent acts charged in the Dalton suit, under the provisions of LSA-R.S. 37:1454, subsection (5) and subsection (10). However, until it was proven that he was guilty of the acts charged his license could not have been validly revoked. The applicable sub-sections of LSA-R.S. 37:1454 read as follows, to-wit:
“(5) Any conduct which demonstrates unworthiness, incompetency, bad faith or dishonesty; or
* * * * * *
“(10) Any other conduct not specifically described in this Section which is contrary to the established practices of real estate or business chance brokers and which is fraudulent or dishonest or designed to mislead the client or the public; * * * ”.
Wanless proved that in prior years he had made the necessary reports regarding a suit filed involving real estate in which he was party to a real estate or business-chance transaction. Plaintiff's petition was that he honestly did not consider the Dalton suit the type suit which he personally would have the duty to report to the Louisiana Real Estate Board, either under LSA-Revised Statutes 37:1437.1 or in his application for renewal of his real estate broker’s license.
Another point which this court feels should be brought out is that the Dalton suit was so widely publicized in all the New Orleans daily newspapers throughout the State of Louisiana that it is difficult to believe that Wanless could possibly have kept it a secret from the Real Estate Board had this been his avowed intention. No doubt every member of the Board knew, had read all about, and was fully apprised of the suit and allegations made therein.
This case is similar to the case of Zerlin v. Louisiana Real Estate Board, cited by counsel for the defendant herein in support of their contentions, found at 158 La. 111, 103 So. 528. The following excerpts from the opinion in the Zerlin case reveal the findings of facts and the conclusions reached by the Court:
“One of the questions propounded to the plaintiff in connection with his application for a license as real estate broker was:
“ ‘Have you ever been convicted of any criminal offense, or is there any criminal charge pending against you, or has any member of your firm or any officer of your association or corporation ever been so convicted, prosecuted, or indicted?’
*435 “The answer of the plaintiff was, ‘No,’ without any explanation or modification.
“The testimony shows that at the time the answer was made there was pending in the criminal district court of the Parish of Orleans an information filed by the district attorney charging the said Zerlin with the crime of grand larceny, to which charge, it appears, the said Zerlin, after the answer made by him to the question above referred to, entered a plea of guilty and was given by the court a suspended sentence at hard labor in the penitentiary.
“The plaintiff endeavors to justify or excuse his answer, and thereby in a way to sustain its truthfulness, by claiming that he had been informed, or at least was under the impression, that the charge against him had been withdrawn or dropped. There is evidence going to show that the attorneys for the company whose property Zerlin was accused of stealing were willing to forego the further prosecution, so far as they were concerned. There is also evidence that Zerlin’s attorney had informed him that he thought the prosecution would be dropped. The fact remains, however, that the prosecuting officer had never agreed to abandon the prosecution and had never authorized any information to that effect to be imparted to Zer-lin.
“The answer which Zerlin gave to the question was palpably and knowingly false. It was both a deliberate misrepresentation as to facts and a concealment of facts which the real estate board had a right to know. The question propounded not only sought information as to whether the applicant had been convicted or if there was any criminal charge pending against him, but it sought also information as to whether any member of his firm had been convicted, prosecuted or indicted.
“The failure of plaintiff to give all the facts with reference to the charge, whether he believed the charge had been withdrawn or not, was plainly misleading and amounted to a concealment. He should have been frank in his answer and ought to have made a clean breast of the matter. He should have told ‘the truth, the whole truth, and nothing but the truth.’ Had he done so, the board undoubtedly would have refused him a license. It is not unfair to assume that his purpose was ■to withhold from the board information the board was entitled to know and which he was bound to know, if given by him, would have resulted in the rejection of his application.”
It is felt that a distinguishing feature in the Zerlin case is that findings were made that Zerlin gave an answer on his application which was “palpably and knowingly false,” and “concealment of facts” which, known, would undoubtedly have cost him his license. Obviously the Court concluded that Zerlin’s license could have been validly revoked at the time he pleaded guilty to the charge of grand larceny. The Board would have been apprised of the prosecution had Zerlin answered the question truthfully.
In the case at bar, even if the Board had had formal knowledge of the filing of the Dalton suit, which suit was a highly publicized issue of the political campaign in Jefferson Parish at the time, this knowledge alone would not have cost Wanless his license. Proof of the fraudulent acts with which he had been charged would have to be made before the Board could validly revoke his license. Another distinguishing factor in the Zerlin case and this case is that there was no mention of any publicity in connection with the criminal charge against Zerlin. In the case at *436 bar Wanless testified without contradiction that the Dalton suit “was in all the newspapers.” As stated above, it is a known fact that the Dalton suit was given wide publicity.
 For the reasons set forth above it is felt that the manner in which Wanless answered the question regarding suits filed against him in 1960 on this application for renewal of his brokers license was not purposely false. That is, it is not found that Wanless attempted to procure “a license, for himself, * * * by fraud, misrepresentation or deceit.” No citations of authorities is necessary to state the well-recognized rule that a high degree of proof is necessary to sustain the burden of proving fraud, misrepresentation or deceit. It is felt that this record shows that the defendant failed to sustain. this burden of proof.
It is felt that if Wanless made a mistake it was an honest mistake. He had an understandable interpretation of this question and answered the question in light of his interpretation. The explanation he gives is reasonable and it is not believed that his negative answer was knowingly made in an attempt to secure a license by fraud, misrepresentation or deceit within the intendment of the statutes. This court is not actually positive that Wanless’ interpretation of the question on his application was incorrect. However, it is not necessary to decide which interpretation was proper or correct, under the circumstances presented.
Although the District Court did not find it necessary to review the second ground upon which the Louisiana Real Estate Board based its revocation of plaintiff’s license, viz.:
“ * * *; the Board also hereby revokes the license as a Real Estate Broker of Eugene V. Wanless and refuses to grant any renewal thereof, the Board finding as a fact from the testimony taken in the hearing granted in this matter that Mr. Wanless pursued a flagrant and continued course of misrepresentation through advertisements and more specifically advertising thait he is a member of the Real Estate Board of New Orleans, Inc. after he had been expelled, thereby misleading the public. The Board found that this conduct was in violation of R.S. 37 :- 1454 (3) and (10),”
in view of the fact that we have reversed the holding of this court on the primary ground urged, it is necessary that we review the second ground upon which the license was revoked, which is emphasized in the above quote. (Emphasis added)
It is necessary to a true perspective that the facts bearing upon the second question be reviewed. It is to be remembered that the beginning of plaintiff’s trouble with the New Orleans Real Estate Board was brought about by the letter which he wrote on Nov. 16, 1957 to that Board and which was the one and only basis upon which the New Orleans Real Estate Board, through its Board of Directors on August 21, 1959, revoked the membership of plaintiff individually and as “realtors.” A bill of information had been filed by the District Attorney for the Parish of Orleans on January 15, 1958 charging the plaintiff with defamation based upon his letter to the New Orleans Real Estate Board and upon which he had been specifically dismissed as a member of that Board. Trial was had in the District Court, plaintiff was convicted, an appeal was taken and the conviction was reversed and the plaintiff acquitted. A writ was taken to the Supreme Court which was denied on the ground that the plaintiff had been acquitted on the meris of the case, and a rehearing was requested which was also denied by the Supreme Court.
Therefore, at this stage of the proceedings we had a case in which the plaintiff had written a letter which the Directors *437 of the New Orleans Real Estate Board "believed defamatory and a bill of information had been filed for defamation on Jan. 15, 1958 and action had been taken by the Board resulting in plaintiff’s dismissal from the New Orleans Real Estate Board of August 21, 1959 and a trial and appeal had resulted in an acquittal of the plaintiff on the very charge which formed the basis of his dismissal from the New Orleans Real Estate Board. In addition, no action was taken to prohibit plaintiff from continuing to use the word “realtors,” other than by threatening to do so in a letter dated Nov. 24, 1959. It is also a fact that the plaintiff continued to receive a license from the Louisiana Real Estate Board and it was not until plaintiff applied for a renewal of his broker’s license for 1961 to the Louisiana Real Estate Board and answered one of the questions “None” as to whether he had any suits over real estate filed against him, which formed the basis of the first charge heretofore discussed, that the State Board on Jan. 23, 1961 notified him that his license would not be renewed and would be the subject of revocation at the next meeting of the Board based only upon ground No. 1.
On January 25, 1961 the president of the New Orleans Real Estate Board Inc. executed a notarial affidavit which was received by the Board on Jan. 26, 1961 which formed the basis of the second ground now under consideration. Upon receipt of this affidavit the Louisiana Real Estate Board on Jan. 27, 1961 notified the plaintiff by registered mail of the second ground.
There is no doubt that the plaintiff continued to use the term “Realtor” and designated himself as a member of the New Orleans Board after he had been notified of the termination of his membership by that Board. In explaining his actions in this regard, plaintiff stated that he was informed by his attorney that his termination from membership in the New Orleans Real Estate Board was illegal and that the sus-pensive appeal in the criminal proceedings kept his membership in status quo. For these reasons he was advised that he was still a member of the New Orleans Board. This testimony by the plaintiff was all confirmed by his attorney.
The testimony on the appeal of plaintiff’s criminal conviction was considered in detail by the judges on that court and it shows that plaintiff had been a member in good standing on amiable terms with the Board of Directors and there had been no personal illfeeling against him until he wrote the letter which the New Orleans Real Estate Board considered as defamatory and upon which the criminal charges were based and upon which he was specifically acquitted. In other words, plaintiff had not defamed anybody and yet he was discharged as a member of the New Orleans Real Estate Board on that ground and they now ask and the Louisiana Real Estate Board so found that because he continued to designate himself as a member of the Board and used the term “Realtor” that such action constituted a flagrant and continued course of misconduct or making of false promises through agents, salesmen, advertisements or otherwise.
The fact that there is no dispute that he was no longer a member of the New Orleans Real Estate Board after his final appeal was denied and he was so notified is not decisive of the question before the Court. The question is whether, under all the facts, plaintiff’s actions in continuing to use the insignia or designating himself as a member of the New Orleans Real Estate Board and as entitled to use the word “Realtor” in view of the proven facts constituted a flagrant and continued course of misrepresentation or advertisement. Neither is it necessary to decide whether the attorney’s advice given to the plaintiff is correct.
We do not believe that the second charge should have been sustained as a *438 ground for denying the renewal of plaintiff’s 1961 application for a license, as he was not guilty of a flagrant and continued course of misrepresentation or advertisement.
It is a serious matter to take from a professional man his method and means of earning a living. These advantages and privileges are not usually lightly obtained and, conversely, they should not be lightly or arbitrarily withdrawn. Accordingly, the statutes providing for the revocation of a realtor’s license are to' be strictly construed. Such a construction constrains this court to find that the Real Estate Board’s findings and the judgment of the District Court were erroneous.
We do not wish to be understood as holding that plaintiff continued to be a member of the New Orleans Real Estate Board or that he had a right to use the insignia or the word “Realtors” after his final dismissal by that Board but that under the facts he was not guilty of a flagrant misrepresentation etc. We specifically hold that he cannot use the insignia denoting membership in the New Orleans Real Estate Board or use the word “Realtors” in advertising his business.
For the reasons assigned Eugene V. Wanless is entitled to the relief he seeks and, therefore, the judgment of the Lower Court is hereby reversed, annulled and set aside and judgment is granted for the plaintiff, Eugene V. Wanless, ordering the defendants, the Louisiana Real Estate Board, through Robert A. Holloway, President thereof, Henry W. Couturie, Jr., Secretary, and John Wesley Glover, Director, Department of Occupational Standards, to issue to Eugene V. Wanless a renewal of his license as of February 8th, 1961. All costs of these proceedings are to be paid by the defendant.
Reversed.