147 So.2d 395

Eugene V. WANLESS

v.

LOUISIANA REAL ESTATE BOARD et al.

No. 46179.

Dec. 10, 1962.

Thomas J. Taylor, Arthur L. Ballin, Sp. Counsel, New Orleans, for defendants-relators.

Eugene Stanley, New Orleans, for plaintiff-respondent.

HAMLIN, Justice.

In the exercise of our supervisory jurisdiction (Art. VII, Sec. 11, La.Const. of 1921, LSA) we directed Certiorari to the Court of Appeal, First Circuit, in order that we might review its judgment which reversed, annulled, and set aside a judgment of the trial court and ordered the defendants, the Louisiana Real Estate Board, through Robert A. Holloway, President thereof, Henry W. Couturie, Jr., Secretary, and John Wesley Glover, Director, Department of Occupational Standards, to issue to Eugene V. Wanless a renewal of his license to operate as a real estate broker as of February 8, 1961.[1]

1. La.App., 140 So.2d 429.

The judgment of the Court of Appeal was rendered on March 14, 1962;[2] counsel of record received copies on March 16, 1962, to which was attached the following statement from the Clerk of the Court of Appeal, First Circuit, dated March 16, 1962:

"MAR 16 1962

"Dear Sir:

"Attached you will find copy of opinion in a case in which you are an attorney of record.

"Your attention is invited to Rule XI of the Uniform Rules of the Courts of Appeal, especially to Section 1, which provides:

" 'Notice of judgments of the court will be delivered personally, or by certified or registered mail, by the clerk of court to at least one of counsel for each of the parties litigant, and applications for rehearing and briefs in support thereof must be filed in quintuple copies on or before the fourteenth calendar day after such delivery in person or by deposit in the U. S. mail, and no extension of time therefor shall be granted. [The rule has been amended following the word "after" as follows: "(but not including) the date of such delivery in person or by deposit in the U. S. mail, and no extension of time therefor shall be granted."] If the applicant for rehearing desires further time for the filing of brief in support of his application, he shall request additional time in his application and the court may grant or refuse such delay in its discretion.' "

On March 30, 1962, an application for rehearing was filed in the Court of Appeal by the Louisiana Real Estate Board and the Department of Occupational Standards; they alleged that the judgment of the Court of Appeal rendered on March 16, 1962, reversing the judgment of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, was erroneous and contrary to law and prejudicial to them for certain reasons set forth in detail.

2. The printed copy of the Court of Appeal Decision (140 So.2d 429) bears the date March 14, 1962. The Minutes of the Court of Appeal, First Circuit, reflect that on March 14, 1962, "The Court of Appeal, First Circuit, met this day, with Judges Ellis, Herget and Miller sitting, and rendered decisions in the following cases:

"By Ellis, J.

*     *     *     *     *

"No. 5576. Eugene V. Wanless v. Louisiana Real Estate Board, et al. Parish of East Baton Rouge. Reversed * * *".

The Clerk of the Court of Appeal, First Circuit, certified to this Court that the date of rendition of the opinion by the Court of Appeal was not stamped directly on the opinion by or for the court. In the record, however, there appears a copy of the opinion by the Court of Appeal; it is stamped, "A True Copy, Court of Appeal, First Circuit, State of Louisiana, Filed, March 14th, 1962, Karl Leche, Clerk."

Eugene V. Wanless opposed the application for rehearing for the following reasons:

"1

"That, as will more fully appear by reference to the attached letter from Honorable John E. Miller,[3] Deputy Clerk of this Honorable Court, this Honorable Court handed down its decision in this matter on Thursday, March 14, 1962, and copies of this decision were mailed, return receipt requested, on March 15, 1962 to the attorneys of record in this case, namely, Eugene Stanley, Whitney Building, New Orleans; Thomas J. Taylor, Cigali Building, New Orleans; and Arthur Ballin, Carondelet Building, New Orleans.

"2

"On further showing that according to the said letter, application for re-

hearing on behalf of the Louisiana Real Estate Board and the Department of Occupational Standards by Thomas J. Taylor, Cigali Building, was received in the office of the Clerk of this Honorable Court and filed on March 30, 1962.

"3

"And on further suggesting that the said application for rehearing was not timely filed on or before the 14th calendar day after, but not including, date of deposit of the opinion in the United States mails by the Clerk of this Honorable Court, and same was not timely filed in accordance with the Uniform Rules, Courts of Appeal, Rule XI, Section 1, 8 LSA–R.S.; LSA-Const., Article 7, Section 24 (see Hullin v. Hale, La.App., 137 So.2d 709, and Interstate Oil Pipeline Co. vs. Friedman, La.App., 137 So.2d 700).

3.  "March 30, 1962
"Dear Mr. Stanley:
"Responding to your telephonic request, the following certification is made:
"I certify that this Court handed down a decision in the captioned case on March 14, 1962, and copies of this decision were mailed by registered mail, return re-receipt requested, on March 15, 1962, to the attorneys of record in the case, * * *
"I further certify an Application for Rehearing on behalf of Louisiana Real Estate Board and the Department of Occupational Standards, by Thomas J. Taylor, Cigali Building, New Orleans, Louisiana, was received in this office and filed on March 30, 1962."

There appears in the record a memorandum dated April 5, 1962 from John E. Miller, Deputy Clerk of the Court of Appeal, First Circuit, which recites:
"Re: Eugene V. Wanless
"Vs. No 5576
"Louisiana Real Estate Board Et Al
"It was certified to Mr. Eugene Stanley that the decision in this case was mailed to counsel of record on March 15, 1962, which they were. However, the decisions were dated and scheduled for mailing on March 16, *but were mailed on the fifteenth by mistake.* Judge Miller stated he was of the opinion that the Court should consider the mailing as of the sixteenth for the purpose of considering the timeliness of the application for rehearing." (Emphasis ours.)

"4

"That the said application filed by defendant-appellees for rehearing not having been timely filed in accordance with the provisions of Article 7, Section 24 of the Louisiana Constitution etc., said application should not be entertained by this Honorable Court and should be denied."

On April 23, 1962, the Court of Appeal refused to grant a rehearing, Judge G. Caldwell Herget dissenting.

The Louisiana Real Estate Board and the Department of Occupational Standards applied to this Court for Certiorari. Eugene V. Wanless moved to dismiss the application, alleging the same reasons for dismissal as those set forth in his opposition to the application for rehearing in the Court of Appeal, and additionally contending that the judgment of the Court of Appeal was final and had become executory long prior to the application for writ of review. Relators answered the motion, urging that the notice of the Clerk of the Court of Appeal bore the official stamp of March 16, 1962, and that the application for rehearing was placed in the mail on March 29, 1962 and received by the Clerk on March 30, 1962, the 14th day after March 16, 1962, therefore timely and in accordance with Rule XI; they further contended that, "Whether or not the opinion of Court of Appeal, First Circuit was handed down on March 14, and whether or not

the copy of said opinion was mailed by Registered mail on March 15, 1962 to the attorney of applicants for rehearing is immaterial. The stamp dated March 16, 1962 is conclusive evidence that the opinion and notice was not mailed prior to that date, but assuming that it was mailed on the 15th, the attorney for applicant for rehearing had every reason to rely on the date stamped on the notice, which is March 16, 1962, and not counting said day, the receipt of the application by the First Circuit Court on March 30th was timely."

Having granted Certiorari, it is incumbent upon us to initially determine whether relators timely filed their application for rehearing in the Court of Appeal.

The Clerk of the Court of Appeal, First Circuit, made an admitted mistake by mailing on March 15, 1962 (See Footnote 3) the opinion rendered on March 14, 1962—one day earlier than he anticipated mailing it—and stamping the date of March 16, 1962 on the notice attached to the opinion. Relators governed themselves by the date of March 16, 1962 in calculating their time limit for application for rehearing; if such was the correct date, the application was timely filed on March 30, 1962 and in accordance with Rule XI, Section 1, of the Courts of Appeal, supra. If fourteen days were to be counted from March 15, 1962 (but not including)—the date upon which the opinion, and the attached notice dated March 16, 1962 were

actually deposited in the mail—March 29, 1962 would have been the last day on which relators could have applied to the Court of Appeal for a rehearing.

Rule XI, Section 1, of the Courts of Appeal, which provides that applications for rehearing must be filed on or before the fourteenth calendar day after (but not including) the date of delivery of notice of judgment in person or by deposit in the U. S. mail, was enacted pursuant to Article VII, Section 24, of the Louisiana Constitution of 1921, which recites:

" * * * Appeals shall be returnable to the domiciles of the respective courts of appeal. in the manner and within the time fixed by law. Notice of all judgments shall be *given* to counsel of record; and *the court shall provide by rule for the giving of such notices."* (Emphasis ours.)

The LSA–Code of Civil Procedure, Article 2166, provides in part that, "In the courts of appeal the delay for applying for a rehearing commences to run the day after notice of the judgment has been *given* by the court to counsel of record in the case." (Emphasis ours.)

LSA–R.S. 13:4446 states that, "B. Applications for rehearing in the courts of appeal must be filed on or before the fourteenth calendar day after notice of judgment has been *given,* as required by Article VII,

Section 24, of the Constitution." (Emphasis ours.)

In Thibodeaux v. Kern, La.App., 143 So. 2d 422, (July 5, 1962), the Court of Appeal, Third Circuit, interpreted Rule XI, Section 1, as follows:

"The opinion in this court was rendered on July 5, 1962 and deposited in the United States mail the same day.

"A return receipt shows that it was received by counsel for plaintiff-appellant on the following day, July 6, 1962. An application for rehearing by the plaintiff-appellant was mailed from Lafayette, Louisiana on July 19, 1962 and was received by and filed in this court on July 20, 1962.

"Applications for rehearing must be filed on or before the fourteenth calendar day after, but not including, the date of deposit in the United States mail. Rule XI, Section 1, Uniform Rules of the Courts of Appeal (1961), 8 LSA–R.S. See: Interstate Oil Pipe Line Company v. Friedman, La.App. 3 Cir., 137 So.2d 700; Genovese v. Abernathy, La.App. 3 Cir., 135 So.2d 802; American Bank & Trust Company v. Phillips, La.App. 3 Cir., 130 So.2d 753; Harper v. Borden Company, La.App. 3 Cir., 129 So.2d 330; Bailey v. Haymon, La.App. 3 Cir., 129 So.2d 203. Under the Uniform Rules, as now permitted by Art. VII, Section 24, LSA–

·Constitution, the delay for filing the application for rehearing commences on the date of mailing by the court and not of receipt by counsel. See: Lewis v. Bell, La.App. 3 Cir., 137 So.2d 706; Robertson v. Great American Indemnity Company, La.App. 3 Cir., 136 So.2d 550; 'Proceedings in appellate courts', 35 Tulane Law Review 585 (1961). For purposes of considering the timeliness of the application for rehearing, however, the date of filing is the date that such applications are physically delivered into actual custody of this court, not the date of mailing. Guarisco Construction Company v. Talley, La.App. 3 Cir., 126 So.2d 793; McGee v. Southern Farm Bureau Cas. Ins. Co., La.App. 3 Cir., 125 So.2d 787, certiorari denied.

"Our opinion was delivered by deposit in the mail on July 5, 1962, and the fourteenth calendar day thereafter was July 19, 1962. Thus, the application for rehearing was required to be filed in this court no later than July 19, 1962; so that its filing on July 20, 1962, one day later, is not timely."

We note that the Constitution (Art. VII, Sec. 24), as well as the Louisiana Code of Civil Procedure (Art. 2166) and LSA–R.S. 13:4446, employ the word "given" with respect to notice of judgment; Rule XI, Section 1, Uniform Rules of the Courts of Appeal, employs the words "delivered" and "delivery". We find that the verbs "give" and "deliver" and their derivatives are synonymous, and that the meaning of one as used in the instant matter can be ascribed to the other.[4]

■  We are constrained to determine whether Rule XI, Section 1, (that part which indirectly provides that deposit in the U. S. mail is delivery of notice of judgment) conforms with the Constitution, the Louisiana Code of Civil Procedure, and the Revised Statutes, which provide that notice of judgment is to be *given*. (The rule uses the disjunctive, "delivery in person or by deposit in the U. S. mail.") Despite interpretations of the Rule by the Courts of Appeal, supra, the power to make such a finding is inherent in this Court. Syndics of Brooks v. Weyman, 3 Mart.O.S. 9, 12; LeBreton v. Morgan, 4 Mart. N.S. 138. Cf. Fireside Mut. Life Ins. Co. v. Martin, 223 La. 583, 66 So.2d 511.

In the case of Selken v. Northland Insurance Company, 299 Iowa 1046, 90 N.W.2d

---

4. "Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning." LSA–R.S. 1:3.

Webster's New World Dictionary, College Edition, defines "deliver" as "to give up; give or hand over; transfer (with to); to give out; distribute; as deliver the mail."

29, the Supreme Court of Iowa, speaking with respect to a provision in an insurance policy which stated, "The policy may be cancelled by the insurance company by giving five days notice of such cancellation * * *", stated:

" * * * The approved usage of the word 'giving' is 'to deliver to another' and of the word 'notice' is 'to become aware of something.' * * * American College Dictionary, 1953 Edition, Pages 512 and 829.

"Analyzing the meaning of the statutory provision concerning cancellation which provides for 'giving of notice' we must conclude that the legislature intended that 'giving' means the insured shall personally receive the notice, and that 'notice' means he shall receive it so that he becomes 'aware of the notice.' The provision involves a physical delivery to the insured of a document of which he becomes personally aware. This cannot be accomplished by depositing a document in the mail which he may or may not receive. When the legislature states an insured shall have 'notice' it can only mean that he shall know about the fact of cancellation. The statutory provision can only be followed and concluded through actual receipt by the insured of the cancellation notice. This may be by actual service upon him, but it may also be by registered mail, with instructions to deliver to insured only, or legal representative if deceased, and secure signature on a return receipt card.

"The provision in defendant's policy as to notice of cancellation does not comply with Iowa Statutes. It should provide for receipt of the notice by insured."

In Baldwin v. Fidelity Phenix Fire Insurance Co. of N. Y., 6 Cir., 260 F.2d 951, the following pertinent statement is made:

"We cannot agree with appellants' contention that the notice is effective if mailed but not received. Notice by mail may have been, and doubtless was, contemplated under the policy, although personal notice of the happening of an accident was not excluded. However, the term 'written notice shall be given' carries with it the implication of receipt or delivery. As pointed out in Rapid Motor Lines, Inc., v. Cox, 134 Conn. 235, 56 A.2d 519, 521, 175 A.L.R. 296, 'One meaning of the verb "give" is * * * "to deliver or transfer; to * * * hand over." ' * * * As declared in the McSparran case, supra, 193 Pa. 191, 44 A. 318, 'Notice is knowledge or information legally equivalent to knowledge, brought home to the party notified in immediate connection with the subject to which the notice relates. It is not, therefore the sending, but the

receipt, of a letter that will constitute notice * * *.' Cf. 66 C.J.S. Notice § 18, p. 663."

" 'Notice' in its legal sense, may be defined as information concerning a fact actually communicated to a person by an authorized person, or actually derived by him from a proper source, or else presumed by law to have been acquired by him, which information is regarded as equivalent in its legal effects to full knowledge of the fact, and to which the law attributes the same consequences as would be imputed to knowledge." 66 C.J.S. Notice, § 2, p. 635. Cf. City of New York v. New York, N.H. & H.R. Co., 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333; Ex Parte Caplis, 5 Cir., 275 F. 980.

In Mid-State Tile Company v. Chaudoir, 228 La. 634, 83 So.2d 654, this Court considered LSA–R.S. 13:4446 prior to its amendment and Article VII, Section 24, of the Louisiana Constitution prior to its amendment, and found:

" * * * R.S. 13:4446 provides, insofar as pertinent here, that application for rehearing in the Courts of Appeal must be filed on or before the fourteenth calendar day after the rendition of judgment, except in certain cases in the Court of Appeal for the Parish of Orleans. This act, however, must be read with Article 7, Section 24, of the Louisi-

ana Constitution of 1921, which provides: 'Notice of all judgments [rendered in the Courts of Appeal, First and Second Circuits] shall be given to counsel of record; and the court shall provide by rule for the giving of such notices. No delay shall run until such notice shall have been given.'

"Thus under the provision of the Constitution the 14-day delay for applying for a rehearing in the Courts of Appeal, First and Second Circuits, cannot begin to run until notice of judgment has actually been given to counsel of record. Moreover, the day on which counsel of record receives the notice of judgment is excluded in computing the 14 days within which the application for rehearing must be filed. * * *" (This case is cited to show the attitude of this Court.)

A study of the Constitution, the Revised Statutes, the Louisiana Code of Civil Procedure, and the above jurisprudence, impels us to conclude that notice of judgments of the Courts of Appeal must be actually given or delivered and received before the time for applying for a rehearing can commence to run. A deposit in the U. S. mail of notice of judgment, even though registered or certified, must be delivered and received before the time for applying for a rehearing begins to run. Insofar as the provisions of Rule XI, Section 1, of the

Uniform Rules of the Courts of Appeal conflict with this finding, it is unconstitutional; it is also in conflict with the Louisiana Code of Civil Procedure and LSA-R.S. 13:4446.

"Where there is an express provision of law regulating practice, a rule of court contravening it cannot be enforced and must be abrogated." State ex rel Tebault v. Judges of Fifth Circuit, 37 La.Ann. 596. See, State of Louisiana ex rel. Tooreau v. Posey, 17 La.Ann. 252.

Under the above finding, defendants' application for rehearing was timely filed and refused in the Court of Appeal, First Circuit. The motion of respondent Wanless to dismiss relators' application for Certiorari is without merit.

In the exercise of our supervisory jurisdiction, we now approach the matter on its merits.

Eugene V. Wanless brought suit in the district court praying that an alternative writ of mandamus issue, directed to Louisiana Real Estate Board through Honorable Robert A. Holloway, President thereof Henry W. Couturie, Jr., Secretary, and Honorable John Wesley Glover, Director, Department of Occupational Standards, commanding them to renew his license to engage in the business of real estate broker in the State of Louisiana, or show cause to the contrary. He alleged that the following action of the Louisiana Real Estate Board on February 8, 1961 caused him irreparable damage, injury, and loss for which he had no adequate remedy at law:

"The Board hereby revokes the license as a Real Estate Broker of Eugene V. Wanless and refuses to grant any renewal thereof, the Board finding as a fact from the testimony taken in the hearing granted in this matter that Mr. Wanless was attempting to secure a license through misrepresentation by making a false statement on his application for renewal and more specifically the answer 'None' given on the application in answer to the question 'Have you had any suits over real estate filed against you during the past year?' which is in violation of R.S. 37:1454(12), as the answer was false, there being a suit against him pending at the time of his filing the said renewal application involving litigation over real estate, said Suit being #57–121, Samuel S. Dalton vs. Jefferson Parish Real Estate Board, Inc., et als, 24th Judicial District Court, Parish of Jefferson, State of Louisiana; the Board also hereby revokes the license as a Real Estate Broker of Eugene V. Wanless and refuses to grant any renewal thereof, the Board finding as a fact from the testimony taken in the hearing granted in this matter that Mr. Wanless pursued a flagrant and continued course of misrepresenta-

tion through advertisements and more specifically advertising that he is a member of the Real Estate Board of New Orleans, Inc. after he had been expelled, thereby misleading the public. The Board found that this conduct was in violation of R.S. 37:1454(3) and (10)." [5]

The matter was converted into an ordinary action and heard on the merits. LSA–R.S. 37:1456.

The trial court found that plaintiff had made a false statement in answering "None" to the question, "Have you had any suits over real estate filed against you during the past year?" on his application for renewal of his Real Estate Broker's License Certificate for the year 1961. The trial judge was of the opinion that the suit pending against plaintiff at the time he filed his application involved him in his capacity as a real estate broker; he concluded, "In the light of the decision in the Zerlin case [158 La. 111, 103 So. 528] it is my opinion that the Board was justified in its revocation of plaintiff's license on the grounds above considered. Being of this opinion the additional grounds on which it based the revocation are not considered."

The Court of Appeal found that plaintiff was entitled to the relief prayed for,

and stated, "It is felt, after a careful review of the entire record presented, that Wanless gave a reasonable explanation for having answered that portion of the application in the negative. In the first place, the suit entitled Samuel S. Dalton v. Jefferson Parish Real Estate Board, Inc., et als, No. 57121 on the docket of the Twenty-fourth Judicial District Court in and for the Parish of Jefferson, State of Louisiana, was political in nature. Wanless understood that he was designated as a defendant either in his capacity as president of the Jefferson Parish Real Estate Board Inc. or as appraiser for the same Board. * * *" 140 So.2d 429, 433. It further found that Wanless did not attempt to procure a license for himself by fraud, misrepresentation, or deceit.

LSA–R.S. 37:1454(12) (3) (10), under which the Louisiana Real Estate Board charged plaintiff, provides:

"The board may suspend or revoke any license issued under the provisions of this Chapter if a licensee is guilty of performing or attempting to perform any of the following acts:

"(12). Procuring a license, for himself or anyone else, by fraud, misrepresentation or deceit; or

---

5. The above was a motion made, duly seconded, unanimously carried, and adopted at a meeting of the Louisiana Real Estate Board held in Baton Rouge, Louisiana, February 8, 1961.

"(3). Pursuing a flagrant and continued course of misrepresentation or making of false promises through agents, salesmen, advertisements or otherwise; or

"(10). Any other conduct not specifically described in this Section which is contrary to the established practices of real estate or business chance brokers and which is fraudulent or dishonest or designed to mislead the client or the public; or".

In his original petition, Eugene V. Wanless alleged:

"* * * that he was in good faith when he answered 'none' to the question 'Have you had any suits over real estate filed against you during the past year?', and your relator was not attempting to procure a license for himself or anyone else by fraud, misrepresentation or deceit (37:1454(12) for the reason that the said Section refers merely to suits filed against a real estate agent and broker in his capacity as a real estate agent or broker. That the suit referred to, to-wit: No. 57,121 of the docket of the 24th Judicial District Court for the Parish of Jefferson, viz. Samuel S. Dalton vs. Jefferson Parish Real Estate Board, Inc., et als, shows that it was a suit brought by the said Samuel S. Dalton on June 28, 1960, who was then a candidate for

judicial office in the Parish of Jefferson, in propria persona, as a taxpayer, against sixteen members of the Jefferson Parish School Board whose names are set out in the said petition, and the Jefferson Parish Real Estate Board, Inc. and certain other named individuals, your relator at the time being the President of the Jefferson Parish Real Estate Board, Inc."

The record reflects that Samuel S. Dalton, a taxpayer in propria persona, filed a suit on June 28, 1960 against twenty-six defendants, including Eugene V. Wanless and the Jefferson Parish Real Estate Board, Inc., through Eugene V. Wanless. Pertinent allegations of an amended and supplemental petition with respect to Wanless are:

"That the defendants Eugene Wanless, * * * conspired to devise a scheme for the purpose of fraudulently procuring from the Jefferson Parish School Board a contract of sale of real property, to the unlawful advantage and enrichment of the said defendants, Eugene Wanless, * * *

"That the defendants, * * * Eugene Wanless, * * * did induce the Jefferson Parish School Board, in collusion with one or more members of said School Board and their legal representatives to adopt a resolution on October 21st, 1959 to enter into a con-

tract of sale with the defendants * * * all to the unlawful advantage and enrichment of * * * Eugene Wanless * * * to the purchase of the following described property from * * * for the sum of $200,000.00

* * * * * *

"That at the time of inducing the said Board to adopt the said resolution * * * Eugene Wanless * * * withheld material facts concerning the contract of sale in that:

"The said * * * Eugene Wanless * * * knew that the property to be purchased by the Jefferson Parish School Board was not suitable for the purposes for which said property was being sold for.

"That further, the said * * * Eugene Wanless * * * knew that the property could be secured for a price not to exceed $95,000.00.

"That further the said * * * Eugene Wanless * * * at the time of the adoption of said resolution withheld the fact that, * * * were not the legal and truthful owners of said property."

The prayer of Dalton's petition is to the effect that there be judgment against the defendants, including Eugene V. Wanless, in the sum of $200,000.00, and that the contract of sale between the Jefferson Parish School Board and certain defendants,

not including Wanless, be declared null and void.

Wanless testified before the Louisiana Real Estate Board that he acted in good faith when he answered "None" to the question propounded on the application; that the connection he had with the School Board was that as a member of one of three of the Jefferson Parish Real Estate Board; that all appraisers who appraised are not licensed real estate brokers; that he was not interested in the transaction as a broker, his only interest being that of an appraiser; that the property was roughly composed of twenty-five acres, and it was appraised for $200.00 an acre less than paid for it; that he had no knowledge of the buying and selling negotiations involved in the transaction; that he was employed directly by the Jefferson Parish Real Estate Board and that the Jefferson Parish Real Estate Board received its employment from the School Board; that the Jefferson Parish Real Estate Board collected the appraisal fee and paid him his proportion; that the fee was a percentage fee based on the price.

■ We find that the suit instituted by Dalton was a suit "over real estate"; it involved a real estate transaction. In addition to asking for a money judgment, the prayer requested that an act of sale of real estate be set aside. Wanless was named as a defendant, and no disposition of the suit had been made as to him at the time he

completed his undated application for renewal of his Real Estate Broker's License Certificate for 1961; his application was received by the Department of Occupational Standards on December 14, 1960, and the suit was dismissed on February 7, 1961.

As of December, 1960—the month during which he applied for his 1961 license—plaintiff was well aware of the fact that the suit had been filed and that it had not been dismissed as to him. Although dismissed as to several other defendants, it was still pending against him.

There was no restriction in the question, "Have you had any suits over real estate filed against you during the past year?" The question did not mention appraiser, broker, vendor, or vendee; it was addressed generally to suits "over real estate," and it is clear and free from ambiguity. We do not find that plaintiff's explanation absolves him of having answered "None" to the question; his answer was a concealment and suppression of a fact and, therefore, a misrepresentation of a fact which the Louisiana Real Estate Board had a right to know.

In the case of Zerlin v. Louisiana Real Estate Board, 158 La. 111, 103 So. 528, this Court affirmed the trial court, which sustained the action of the Louisiana Real Estate Board in annulling and rescinding the license of George Zerlin. Zerlin answered "No" to the question, "Have you ever been convicted of any criminal offense, or is there any criminal charge pending against you, * * * ?" At the time the answer was given, there was pending against Zerlin an information charging him with grand larceny. Zerlin attempted to justify his answer by stating that he had been informed or was under the impression that the charge against him had been withdrawn or dropped. This Court found that, "The answer which Zerlin gave to the question was palpably and knowingly false. It was both a deliberate misrepresentation as to facts and a concealment of facts which the real estate board had a right to know." We further stated, "The failure of plaintiff to give all the facts with reference to the charge, whether he believed the charge had been withdrawn or not, was plainly misleading and amounted to a concealment." See, 56 A.L.R.2d, Note, p. 576.

We conclude that plaintiff herein attempted to procure a renewal of his Real Estate Broker's License Certificate for 1961 by misrepresentation, in violation of LSA–R.S. 37:1454(12). The Louisiana Real Estate Board was justified in its action revoking plaintiff's license as a real estate broker and refusing to grant a renewal thereof.

Because of our conclusion with respect to plaintiff's violation of LSA–R.S. 37:1454 (12), we find no need for discussing his alleged violation of LSA–R.S. 37:1454 (3) (10).

For the reasons assigned, the motion of Eugene V. Wanless to dismiss relators' application for Certiorari is denied; the judgment of the Court of Appeal, First Circuit, is reversed and set aside; and, the judgment of the trial court is affirmed. All costs to be paid by respondent, Eugene V. Wanless.

*147 So.2d 646*