On Application for Rehearing
En Banc.
PER CURIAM.
Applications for rehearing must Be filed on or before the fourteenth calendar day after notice of our judgment is given’. Rule XI, Section 1, Uniform Rules of the Courts of Appeal (1961), 8 LSA-R.S.; cf.„ Wanless v. Louisiana Real Estate Board,, La., 147 So.2d 395.
Our decision herein was rendered on-December 18, 1962. Notice of this judgment was mailed to counsel the same day.. A return receipt shows that counsel for the plaintiff-appellant received this notice of judgment on the following day, December 19, 1962.
Counsel for plaintiff-appellant then-mailed his application for rehearing from Alexandria, Louisiana, on January 2, 1963 (i.e., on the fourteenth day after he had received notice of our decision). The application was received and filed by this Court on the following day, January 3,. 1963 (i.e., on the fifteenth day after counsel received notice of our judgment). The application for rehearing is therefore not timely filed and will not be considered by this Court.
(For purposes of considering the timeliness of the application for rehearing,, the date of filing of the application is the date that such applications are physically-delivered into actual custody of this Court,, not the date that counsel mails them. McGee v. Southern Farm Bureau Casualty Insurance Company, La.App. 3 Cir., 125 So.2d 787, certiorari denied.)
For the foregoing reasons, the instant application for rehearing cannot be considered by this Court.
Application not considered.