PER CURIAM.
We originally refused to consider the application for rehearing filed herein by the defendants-appellants because it was not timely filed in accordance with Rule XI, *646 Section 1, Uniform Rules of the Courts of Appeal (1960; rev. 1961), 8 LSA-R.S. See Jefferson v. Jefferson, La.App., 145 So.2d 356, 362. This court rule as then worded required that applications for rehearing must be filed on or before the fourteenth calendar day after, but not including, the date of mailing by this court.
Subsequently, pursuant to an application to the Supreme Court’s supervisory jurisdiction,[1] this court was directed to consider the appellant’s application for rehearing. Jefferson v. Jefferson, La., 153 So.2d 368. The Supreme Court held that Rule XI, Section 1, of the Uniform Rules (1960; rev. 1961) was in conflict with Article VII, Section 24, Louisiana Constitution, LSA. See also Wanless v. Louisiana Real Estate Board, 243 La. 801, 147 So.2d 395.
Under the Supreme Court’s interpretation of this constitutional provision, the delay within which the application for rehearing in the courts of appeal must be filed cannot validly commence sooner than when the notice is received,, so that the rule in question, commencing the delay with the mailing of the notice, was held to be invalid.
To the extent that they are inconsistent with the Supreme Court’s holding, thus overruled is a line of decisions by this court which had previously upheld the validity of the cited court of appeal rule on the question, including: Funderburk v. Metropolitan Life Insurance Co., La.App., 146 So. 2d 710; Moreau v. State Farm Mutual Automobile Ins. Co., La.App., 146 So.2d 692; Jefferson v. Jefferson et al., La.App., 145 So.2d 356; Thibodeaux v. Kern, La. App., 143 So.2d 422; Lewis v. Bell, La. App., 137 So.2d 706; Interstate Oil Pipe Company v. Friedman, La.App., 137 So.2d 700; Robertson v. Great American Indemnity Company, La.App., 136 So.2d 550; Genovese v. Abernathy, La.App., 135 So. 2d 802; American Bank & Trust Co. v. Phillips, La.App., 130 So.2d 753; Harper v. Borden Company, La.App., 129 So.2d 330; Bailey v. Haymon, La.App., 129 So.2d 203; Guarisco Construction Company v. Talley, La.App., 126 So.2d 793; McGee v. Southern Farm Bureau Casualty Insurance Company, La.App., 125 So.2d 787.
In order to comply with the ruling of the Supreme Court on the matter in the instant case, as well as its decision in Wanless v. Louisiana Real Estate Board, cited above, the Uniform Rules of the Courts of Appeal have been revised to provide in Rule XI, Section 1, as follows: “Notice of judgments of the court will be given personally or by certified mail, by the clerk of court to at least one of counsel for each of the parties litigant, and applications for rehearing and briefs in support thereof must be filed in quintuple copies on or before the fourteenth calendar day after, but not including, the date of receipt of such notice; and no extension of time therefor shall be granted.” [2]
*647 Pursuant to the Supreme Court’s ruling, therefore, we have now considered the application for rehearing filed herein by the appellants. We feel that our original opinion has adequately disposed of all contentions raised by this application; accordingly, it is denied.
Application for rehearing denied.

. Initially, the Supreme Court denied the writs of review for which the defendants-appellants applied following our decision on the merits. By a ruling of December 10, 1962, in Jefferson v. Jefferson v. Jefferson, Docket No. 46,443, the Supreme Court’s initial denial provided: “This Court is without authority, under Section 11 of Article 7 of the Constitution, to grant an application for a writ of review unless the Court of Appeal has refused the relators’ application for a rehearing. Since, however, relators are contending in this case that the Court of Appeal erroneously refused to consider their application for a rehearing (see Wanless v. Louisiana Real Estate Board et al., 243 La. 801, 147 So.2d 395) they have a remedy by invoking our supervisory jurisdiction for the purpose of compelling the Court of Appeal to rule on their application. In view of the circumstances, relators are allowed 15 days from this date to apply for remedial writs.”

. The recent Supreme Court decisions did not, however, overrule the jurisprudence to the effect that, for purposes of considering the timeliness of the application for rehearing, the date of filing of the application is the date that such applications are physically delivered into actual custody of this Court, not the date that counsel mails them. McGee v. Southern Farm Bureau Casualty Insur *647 ance Company, La.App. 3 Cir., 125 So. 2d 787, certiorari denied. See also Jones v. United States Fidelity & Guaranty Co., La.App. 3 Cir., 148 So.2d 309, 312.
Nevertheless, the rulings in these decisions will no longer be applicable effective July 1, 1963, by virtue of a new Rule XI, Section 2, of the Uniform Rules of the Courts of Appeal, adopted to be effective that date, which now rule provides as follows: “In the case of an application for rehearing sent through the mail for filing, it shall be deemed timely filed when the official U. S. postmark upon the envelope transmitting such application shows that it was mailed on or before the fourteenth calendar day following the date notice of the pertinent judgment was given, as reflected by the records maintained by the clerk of court.”