PER CURIAM.
Our decision on the merits herein was rendered on October 27th. We have previously on November 18th denied an application for rehearing filed timely on behalf of the defendants-appellants.
A question remaining before us concerns whether an application for rehearing was made timely by the plaintiff-appellee.
The general rule is that an application for rehearing must be filed on or before the fourteenth calendar day after (but not including) the date of receipt of notice of judgment. Uniform Rules, Courts of Appeal (1963) Rule XI, Section 1, 8 LSA-R.S.; Jefferson v. Jefferson, 244 La. 493, 153 So.2d 368; Wanless v. Louisiana Real Estate Board, 243 La. 801, 147 So.2d 395. However, in the case of applications for *189 rehearing sent through the mail, they are deemed to he timely filed "when the official U. S. postmark upon the envelope transmitting such application shows that it was mailed on or before the fourteenth calendar day following the date notice of the pertinent judgment was given, as reflected by the records maintained by the clerk of court.” Rule XI, Section 2. (Italics ours.) See also LSA-R.S. 13:4446, subd. B, as amended by Act No. 47 of 1964, “Applications for rehearing in the courts of appeal must be filed, or properly mailed to the court in an envelope officially postmarked; on or before the fourteenth calendar day after notice of judgment has been given, * * (Italics ours.)
In the instant case, the attorney for the plaintiff-appellee received our notice of judgment on October 28, 1964, as instanced by a postal return receipt. The fourteenth calendar day after (but not including) such date of receipt was November 11th. However, since this date was an official state holiday, Armistice Day, LSA-R.S. 1:55, the time within which to file an application for rehearing was extended through November 12th, the following day. (See LSA-R.S. 13:4446, subd. C: “If the last day of any delay allowed in this Section falls on a legal holiday or half-holiday, the delay shall be extended through the next day which is not a legal holiday.”)
The plaintiff-appellee’s application for rehearing was sent through the mail. It was received in this office on November 17th. A copy of the application mailed to opposing counsel was received by him on November 17th also. Both envelopes bore a date of November 12th affixed by an office postage meter; if this date reflects the actual date of mailing, it took five days for these envelopes mailed .in Lafayette to reach both Lake Charles (domicile of the court) and New Orleans (opposing counsel’s office), although there is normally a one-day mail service between Lafayette and these points.
Under the court rule, the application for rehearing, although required to be filed by November 12th, would nevertheless be regarded as timely filed even though received afterwards, if officially postmarked with a date showing that the application had been mailed within the delay to apply for rehearing (which expired at midnight on November 12th). In the present instance, however, the postmark was not an official United States postmark; instead, it was affixed through an office postage meter (a machine with which dates can be variably shown through the turn of a knob by private or non-postal personnel in the office of those renting the machine, in this case the attorney for the plaintiff-appellee).
Both the Uniform Rules, Rule XI, Section 2, and the applicable statute, LSA-R.S. 13:4446, subd. B as amended in 1964, provide that, to be considered timely filed, an application for rehearing must bear an. official postmark, i. e., one made by the-United States postal authorities, to evidence that the application was mailed timely. This was, of course, to prevent the very sort of confusion and question which has occurred here as to whether an application was timely filed, as well as to avoid either unintentional or intentional misdating by private non-postal mechanisms which might indicate a timely mailing, although in fact an application might have been mailed after the delay has expired.
Without such an official postmark, of course, the normal rule applies that, to be timely, the application for rehearing-must be actually timely filed (i. e., delivered within the physical custody of the court, McGee v. Southern Farm Bureau Cas. Ins. Co., La.App. 3 Cir., 125 So.2d 787), before expiration of the delay within which to apply for rehearing.
In the case before us, the application for rehearing was not filed in this court until November 17th, that is, more than-five days after November 12th (the last day of the delay within which to apply *190 for rehearing). Since no official postmark proves that it was mailed within the delay so as to be considered timely filed within the rule and statute so providing, the rehearing was not timely filed. The judgment of this court therefore became final in the absence of a timely-filed application for rehearing, LSA-R.S. 13:4446, subd. E. We therefore have no jurisdiction to, and cannot, consider the plaintiff-appellee’s application for rehearing.
We should note, in fairness, that the attorney for plaintiff-appellee has made no representation that the application was timely mailed. So far as the record shows, any mis-dating (if any) was the result of an inadvertent clerical error on the part of his office staff.
For the foregoing reasons, the application for rehearing is not considered.
Application hot considered.